## E. H. GILMAN *v.* J. J. NICHOLS.

### *New Trial. Newly Discovered Evidence.*

In a petition for a new trial, the apparent justice or injustice of the verdict is always proper to be considered; also in determining the question whether the party was in the exercise of reasonable diligence, and failed to find and use the newly discovered evidence without any lack in this respect, it is the duty of the court to have regard to the state of the case as it stood upon the evidence on the trial.

Where a party has produced evidence sufficient in the judgment of the court fairly to entitle him to a verdict, and yet fails of getting such verdict, the fact that he did not inquire further for more evidence, even though such inquiry would have resulted in finding the very evidence newly discovered, would not be conclusive against him on the score of the lack of diligence.

It is now understood that evidence to the same facts that other witnesses have testified about, if those facts are material and would be controlling in the case if established, is not excluded by the rule as to cumulative evidence, provided such evidence, in addition to that already given, would with reasonable certainty produce a verdict the other way.

A new trial was granted in this case on the ground of newly discovered evidence.

THIS is a petition for a new trial in the Orange county court on the ground of newly discovered evidence brought by the defendant. The action is *case* to recover the value of a horse which the defendant was employed by the plaintiff to board and groom ; and which died while in the defendant's keeping, by reason, as alleged by the plaintiff, of the defendant's misuse and want of proper care and treatment. The defense was that the defendant was not guilty of any misuse, nor of any want of proper care and treatment ; and that the horse died by reason of a disease that was upon him when he came into the defendant's keeping.

The horse had been owned and kept by several persons successively from the time he was foaled down to the time the plaintiff became the owner of him. Several of those prior owners were called and testified on the trial, and a good deal of testimony was given *pro* and *con* on the question whether the horse was diseased when he came into the defendant's keeping. One of the later owners of the horse, prior to the plaintiff's owning him, had been summoned by the plaintiff and attended at two prior terms of the court when a trial was expected, but was not at the court when the trial was had. The defendant had not had any talk with him,

or with his wife, who rode after and was acquainted with the horse while her husband owned him ; nor did the defendant know what they knew about the horse, or what they would testify if called as witnesses. The defendant supposed that man would be at the trial as a witness for the plaintiff up to the time of the trial, and then for the first time learned that he had left the state. After the trial and verdict for the plaintiff for the sum of $1100, the defendant sought out those persons—the man and his wife—and found that they knew of certain indications of a diseased condition of the horse while in their possession, that would, if testified to on the trial of the cause, tend strongly to show that the horse was then in a diseased condition in the respect claimed by the defendant. No evidence had been given as to those indications, nor as to the history of the horse, while owned by the man last named.

The opinion sufficiently indicates the other features of the case under the petition.

*Farnham & Ormsby*, for the petitioner.

*A. M. Dickey*, and *C. W. Clarke*, for the petitionee, maintained, (1.) The new evidence is strictly cumulative, and cannot be regarded of sufficient importance as to render any material issue made at the trial certain, which was then doubtful, or claimed to be of that certain, conclusive kind, and to possess that undeniable force which would necessarily, or be likely to, produce a different verdict. (2.) The petition does not disclose such a case of surprise as the court will recognize as ground for a new trial. (3.) The petitioner is guilty of want of diligence in not producing this evidence at the trial. (4.) The new evidence is mainly impeaching, and substantially is material only in respect to the question of damages. Gra. & Wat., N. T., 1046, 1048, 1060, and cases there cited ; *Myers* v. *Brownell*, 2 Aik., 407 ; *Middletown* v. *Adams*, 13 Vt., 285 ; *Beckwith* v. *Middlesex*, 20 Vt., 593 ; *Barker* v. *French*, 18 Vt., 460 ; *Briggs* v. *Gleason*, 27 Vt., 114.

The opinion of the court was delivered by

BARRETT, J. In the first place, upon the evidence that was

given on the trial in the county court, we are strongly impressed that the verdict ought to have been for the defendant; though the evidence might not stand so decisively for the defendant as to call upon the county court, on motion in that behalf, to set aside the verdict.

We start, then, with the idea that the ends of justice would be likely to be served by having the case tried again. The apparent justice or injustice of the verdict is always proper to be considered, and creates a kind of atmosphere affecting the consideration to be given to other elements of the case.

In the next place, in determining the question whether the party was in the exercise of reasonable diligence, and failed of ascertaining the existence of, and of using, the newly discovered evidence, without any lack in this respect, it is the duty of the court to have regard to the state of the case as it stood upon the evidence on the trial. If, upon the main facts in issue, the evidence stands so that a party may well claim and expect a verdict, such party, in asking for a new trial, would deserve a different consideration from one who had not been active and efficient in producing such a state of the evidence in his own favor.

The interests of judicial administration do not favor the practice or policy of burdening the trial with a needless accumulation of evidence; and when a party has produced evidence sufficient in the judgment of the court fairly to entitle him to a verdict, and yet fails of getting such verdict, the fact that he had not enquired further for more evidence, even though such enquiry would have resulted in his finding it, and in finding the very evidence newly discovered, would not be conclusive against him, on the score of a lack of diligence. If he prosecuted his enquiry for evidence so far as to result in his producing sufficient fairly and reasonably to entitle him to a verdict, it could hardly be said that he was lacking in reasonable diligence, because he did not go further, even though by going further he might have found more, and perhaps the very evidence that may now be regarded as material, and, with the other evidence, decisive of the case.

The alleged newly discovered evidence bears directly upon the main issue in the case, viz.: What was the condition of the horse

when he went into the defendant's keeping ?   And it did so by its tendency to show that he was in a defective condition, and exhibited peculiar manifestations of it.   So far as the peculiar manifestations indicating inward disease are concerned, the evidence was to new and independent facts, and not cumulative by being only additional to the same facts that other witnesses had testified about.   In this respect, this part of the evidence .does not fall within any idea of the rule claimed as to cumulative evidence.

But it is now understood that evidence to the same facts that other witnesses have testified about, if these facts are material, and would be controlling in the case if established, is not excluded by the rule as to cumulative evidence, provided such evidence, in addition to that already given, would with reasonable certainty produce a verdict the other way.

Applying these general views to the case, the evidence was newly discovered, is material, reasonably sure to produce a different verdict, is not obnoxious to the rule as to cumulative evidence, and the petitioner is not chargeable with *laches* in not having discovered and used it on the former trial.

New trial granted.