MATTHEW HANNAH *v.* JOHN HANNAH.

October Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed December 4, 1920.

*New Trial—Newly Discovered Evidence—Evidence Not Cumulative.* ·

1.  In an action to recover money loaned, where the defence was payment and verdict was for the defendant, newly discovered evidence of bank deposits by the defendant and his family tending to show the improbability of his having saved the amount which he claimed to have paid the plaintiff, in addition to such deposits, and the improbability of his having kept that

amount in cash more than five months, during which time he deposited nearly twice that amount in the bank, raises a reasonable probability that a retrial will produce a different result.

2. Such evidence is not cumulative, although on the original trial evidence of the financial condition of the defendant during the time covered by such deposits was introduced as bearing on the probability of his having made the payment, as claimed.

ORIGINAL PETITION for a new trial, on the ground of newly discovered evidence, in the case of *Matthew Hannah* v. *John Hannah*, which was tried at the May Term, 1918, of Windsor County Court, and resulted in a verdict and judgment for the defendant.

*Gilbert F. Davis* and *F. G. Bicknel* for the petitioner.

*Stickney, Sargent & Skeels* for the petitionee.

SLACK, J. A petition for a new trial on the ground of newly discovered evidence. The main question in the original suit, wherein the petitioner was plaintiff and the petitionee was defendant, was whether the defendant, in November, 1911, paid the plaintiff $300, which it was conceded the former furnished about a year previous to enable the latter to bring his wife and eight children from Scotland to Windsor, Vermont. The defendant testified that he paid the plaintiff that amount in cash in the presence of the former's wife and daughter. This was corroborated by them, but was denied by the plaintiff. Evidence of the financial condition of the defendant in the fall of 1910 and the year following was introduced by both parties as bearing upon the probability or improbability of his having made such payment.

The plaintiff's evidence tended to show that when the defendant arrived in Windsor he was "broke"; that in addition to the $300 mentioned above, the plaintiff sent the defendant's family $20 to aid them in preparing to leave Scotland; that he furnished clothing for the defendant and other members of his family, and assisted them financially in other ways after they arrived in Windsor. On the other hand, the defendant's evidence tended to show that he had $150 when he reached this

·country; that the plaintiff did not assist him except the $300; that his wages from January 1, 1911 to December 1 following amounted to $810, or $830, besides house rent; that his wife had two and sometimes three boarders, each of whom paid her $18 a month; and that he had part of the wages (the amount not appearing) of two daughters, each of whom received $18 a month.

It further appeared that the defendant made a trip to Illinois after he arrived in this country before going to Windsor, the expense of which was presumably borne by him; and he testified that he sent $20 to his family while they were in Scotland, and that he purchased furniture that cost about $100, and a stove and some other articles, which he paid for out of his first year's wages.    This is the substance of the evidence on this issue.

The newly discovered evidence which the plaintiff relies upon appears in affidavits attached to the petition.  Among them is the affidavit of Horace P. McClary, Jr., treasurer of the Windsor County Trust Company, from which it appears that the defendant made deposits in that bank in 1911 as follows: July 6, $150; August 3, $100; September 5, $75; October 5, $100; November 6, $80; December 4, $80; and that he withdrew August 21, $25, and November 21, $30, leaving a balance of $530.    It further appears that the same year Margaret, and the evidence did not show whether she was the wife or a daughter of the defendant, made deposits as follows: June 22, $40; September 1, $12; September 27, $8; October 19, $12; December 7, $10; December 20, $18; and that a daughter, Sarah, deposited June 22, $30; September 1, $10, and October 20, $25.

[1]    This evidence tends to show the improbability of the defendant having saved $300, which he claims to have paid the plaintiff, in addition to what he placed in the bank, and furthermore, the three accounts, taken together, show that if he accumulated that amount it must have been done before June 1, and this raises the improbability of his having kept that amount in cash, about the house more than five months, during which time he deposited nearly twice that amount in the bank.

We think this evidence raises a reasonable probability that a retrial will produce a different result, and that the petition should be granted.    This makes it unnecessary to examine the other affidavits.

[2]   This evidence is not cumulative.   *Bradish* v. *State,*
35 Vt. 452; *Gilman* v. *Nichols,* 42 Vt. 313.   Nor was the plain-
tiff, in the circumstances, at fault in not discovering it before
trial.

*Petition sustained with costs, judgment reversed, verdict
set aside, and new trial granted.*