M’Girk, C. J.,
delivered the opinion of the Court.
This was an action commenced by Myers v. Woolfolk before a Justice of the Peace. The plaintiff, upon affidavit, obtained a warrant under the provisions of the 7th section of an “Act establishing Justices’ Courts, and regulating the collection of small debts,” Revised Code, p. 474. The Constable instead of arresting the defendant, and bringing him forthwith before the Justice, read the wairant to the defendant in the mode pointed out for serving a summons, and made his return of service as directed in the case of a summons, the defendant having failed to appear, on the return of the warrant, judgment by default was entered up against him. Five days after the judgment, the defendant moved for a new trial, which was refused; and four days thereafter he prayed an appeal, which was granted. In taking his appeal to the Circuit Court, the defendant instead of following the form of affidavit given in the statute, made oath “ that he did not appeal, but because he was aggrieved by the judgment of the Justice.” In the Circuit Court, Myers moved to dismiss the appeal, for the insufficiency of the affidavit, and Woolfolk moved to set aside the judgment of the Justice and to dismiss the appeal, because there was no sufficient service of the warrant, and because judgment by default was rendered against the defendant by the Justice before he had jurisdiction of said defendant. The Circuit Court reversed the judgment of the Justice and dismissed the appeal, thereby indirectly overruling the objection taken to the sufficiency of the affidavit. The opinion of the Circuit Court in sustaining the motions made by Woolfolk, and in overruling those *247 made by Myers, was excepted to, and its judgment thereon appealed from to this Court.
For the plaintiff in error it is contended by Mr. Porter, that the Circuit Court erred,
First. In not dismissing the appeal for the insufficiency of the affidavit; and
Second. In reversing the judgment of the Justice for want of sufficient service of the warrant, and dismissing the cause.
The form given in the statute is clear and concise, and it is certainly best to adhere to it; we think, however, the affidavit is good in substance, and in proceedings before Justices of the Peace, substance only and not form is to be regarded. There is, therefore, no error in the judgment of the Circuit Court on-this point.
On the second point we hold the law is with Myers. A warrant or capias is intended by tire law to effect two objects, the first is to give the party notice of the suit, so that he may not have his right adjudicated on, without having an opportunity to defend himself; the second object is, that his body may be secured by being kept in custody or by giving bail to answer the plaintiff’s execution, if he shall recover judgment ; this latter benefit is one entirely for the benefit of the plaintiff. The defendant had the benefit of the process so far as the writ was intended for his benefit. He might well under this service have claimed the right to appear and defend himself. If he did not do so, he ought not now to be allowed to say he never had an opportunity to defend or to be heard. When he brought the cause to the Circuit Court he could not then complain of the want pf an opportunity to defend. The law requires that there shall be a trial da novo on the merits, in the Circuit Court when an appeal conies there, disregarding all irregularity and informality which took place before the Justice. See the act of the General Assembly of 1831 on this subject, which says (sess. act 48, section 3) that when an ajipeal shall be taken from the judgment of a Justice of the Peace to the Circuit Court, no objections as to the proceedings of such Justice shall be valid, but the Court shall proceed to try such cause on its merits.
If in this case there had been no affidavit, there would not be any appeal lawfully In Court, that being essential to constitute the appeal.
Rut when the appeal once is found to exist in Court, the Court must try it, unless indeed there should be a case where no legal cause was ever before the Justice or where the process did not run in the name of the State. For these reasons we are of opinion the judgment of the Court below is to be reversed. The cause is remanded with instructions to that Court to reinstate the case and proceed to trial.