Cases 26, 27—INDICTMENT—Feb. 11.

# Bailey v. Commonwealth.
# Stewart v. Commonwealth.

### APPEALS FROM MERCER AND OWSLEY CIRCUIT COURTS.

1. WORDS AND PHRASES—COMMON-LAW RULES OF CONSTRUCTION.

Section 17, chapter 21, General Statutes, providing that "All words and phrases shall be construed and understood according to the common and approved usage of language," &c., is only declaratory of a part of the common law on the subject.

*There are other rules of construction* of equal dignity and importance, which, although not incorporated in the statute, are as binding upon the courts as if embodied in it, among which are the following:

"Every statute ought to be expounded, not according to the letter, but according to the meaning."

"Every interpretation that leads to an absurdity ought to be rejected."

"A law ought to be interpreted in such manner as that it may have effect and not be found vain and illusive."

2. "IMMEDIATE DANGER."—These words in sec. 5, art. 29, chap. 29, General Statutes, providing that carrying concealed deadly weapons shall be lawful "when the person has reasonable grounds to believe his person or the person of some of his family, or his property, is in *immediate danger* from violence or crime," if construed as provided in sec. 17, chap. 21, General Statutes, would lead to absurd consequences; and the statute would be a delusion and a trap for the unwary.

The court presumes that the word "*immediate*" was inadvertently used, or that it was used in some other than its ordinary sense, rather than that it was intended to delude, &c.

3. WHEN CARRYING CONCEALED DEADLY WEAPONS IS LAWFUL.

"When a person has reasonable grounds to believe that his person, or the person of some member of his family, will be in immediate danger of violence or crime at the hands of another whenever that person is present, then he may lawfully carry concealed

arms whenever and wherever he has reasonable ground to apprehend that he will encounter such person and be exposed to the apprehended danger."

THOMPSON & THOMPSON, . . . . For Appellant Bailey.

A. H. CLARK, . . . . . . . For Appellant Stewart.

THOS. E. MOSS, Attorney General, . . . . For Appellee,
CITED
General Statutes, chap. 29, art. 29, sec. 5, p. 360.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

These cases involve the same question, and will be disposed of in a single opinion.

The appellants were each convicted of the offense of carrying a deadly weapon concealed about his person, and seek a reversal of the judgment against them respectively, on the ground that the court erred in instructing the jury.

In Bailey's case the court instructed the jury that if they believed from the evidence beyond a reasonable doubt that the accused, in Mercer County, within one year before the finding of the indictment, carried concealed upon his person a deadly weapon, they must find him guilty, unless they also believed that he had reasonable ground to believe his person or property in immediate danger from violence or crime, and that by "immediate danger" the law means such as is then and there present and about to be inflicted, and that no threatened or impending danger which is not then about to be inflicted will avail as a defense.

In Stewart's case the instructions were in substance the same, except that there was no attempt to define the meaning of the phrase "immediate danger."

The statute prohibits the carrying of a deadly weapon, other than an ordinary pocket-knife, concealed upon or about the person. (General Statutes, sec. 1, art. 29, chap. 29.)

VOL. XI.—45

But section 5 of the same article provides that "carrying concealed deadly weapons shall be lawful in the following cases: *first*, when the person has reasonable grounds to believe his person, or the person of some of his family, or his property, is in *immediate* danger from violence or crime; *second*, by sheriffs, constables, marshals, policemen, and other ministerial officers, when necessary for their protection in the discharge of their official duties."

The instruction in each case follows the language of the statute, and the definition of the phrase "immediate danger," as given in Bailey's case, does not appear to be incorrect, if it is to be tested by the definitions given by standard lexicographers or by the rulings of this court.

Immediate is defined "having nothing intervening, either as to place, time, or action; instantaneous." (Worcester.) Webster defines immediate as "instant, present, without the intervention of time." The definition of the court is "that by immediate danger the law means such as is *then and there* about to be inflicted." In other words, the danger must have existed at the time and place when and where the weapon was carried concealed, and unless it did so exist it was no defense.

Section 17 of chapter 21 of the General Statutes provides that "all words and phrases shall be construed and understood according to the common and approved usage of language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed and understood according to such meaning."

The legislature having given us these rules by which to construe its language, and having seen that the court below has construed the word immediate "according to the common and approved usage of language," we must approve that construction unless the word construed is a technical word or has "acquired a peculiar and appropriate meaning in law,"

or unless such construction would in this instance violate some other equally authoritative rule of construction.

. " Immediate" is not a technical word, and we do not find that it has acquired a peculiar meaning in the law different from its common and approved popular signification. The word is often used in elementary treatises and in judicial decisions respecting the law of self-defense, and also in reference to torts where the question is whether the injury complained of is the direct result of the act or omission of the defendant. But its use in these latter cases furnishes no light to guide us in the investigation now being made. When used in the law of self-defense the word "immediate" generally signifies present in time and place. When it is said one who believes and has reasonable grounds to believe he is in immediate danger of losing his life or of sustaining great bodily injury at the hands of his adversary may lawfully slay him, it is generally if not always meant that the danger must be then and there present and the injury apparently about to be inflicted.

The section relating to the construction of statutes is only declaratory of a part of the common law on that subject. Words in a statute were always to be understood according to the approved use of language. But there are other rules of construction of equal dignity and importance which must not be overlooked, and which, although not incorporated in our statute, are as binding upon the courts as if embodied in it. One of these rules is that " every statute ought to be expounded, not according to the letter, but according to the meaning;" and another that " every interpretation that leads to an absurdity ought to be rejected;" and still another that a law " ought to be interpreted in such manner as that it may have effect and not be found vain and illusive."

The legislature evidently did not mean to prohibit entirely the carrying of deadly weapons concealed upon or about the person, or to so restrict the privilege as to render it wholly

worthless; yet if the construction given by the circuit court in these cases is correct, and no man can lawfully carry such a weapon concealed, except *at times and places when and where his enemy is present,* the privilege is vain and illusive.

One who leaves his home to go to a place where it is probable or even certain that he will meet his adversary, whom he has reasonable ground to believe will attempt to take his life whenever opportunity is presented, can not at the moment of leaving his home, or at any time before he comes into the presence of his enemy, be said to be in "immediate danger" in the sense in which that phrase is ordinarily used, and in which the court defined it in Bailey's case; and therefore such a person could not lawfully carry concealed weapons while going from his home to the place of anticipated meeting, but must go unarmed or with his arms exposed to view, until, meeting his enemy, he is in present danger; and then, and then only, he may lawfully conceal them; and when again out of his enemy's presence he can no longer lawfully carry them concealed.

We can not presume that the legislature intended such absurd consequences. Thus construed, the statute would be a delusion and a trap for the unwary; and we prefer rather to presume that the word "*immediate*" was inadvertently used, or that it was used in some other than its ordinary sense, than to presume that it was intended to delude into the belief that there are circumstances in which weapons may be lawfully carried concealed upon or about the person for self-defense, when in fact they can not be so carried except at the precise moment and place of danger, when it may be impossible to procure them. We are therefore of the opinion that when a person has reasonable ground to believe that his person or the person of some member of his family will be in immediate danger of violence or crime at the hands of another, whenever that person is present, then he may lawfully carry

concealed arms whenever and wherever he has reasonable ground to apprehend that he will encounter such person and be exposed to the apprehended danger.

Wherefore both judgments are *reversed* and the causes are remanded for new trials upon principles not inconsistent with this opinion.