THE STATE v. ANDERSON, *Appellant.*

1. Criminal Practice: APPEAL FROM JUSTICE: STATUTE. Revised Statutes, section 2058, relating to appeals from justices of the peace by a defendant convicted of a misdemeanor means that the defendant shall immediately on conviction file his affidavit for an appeal, and then perfect it by filing a bond before execution of the sentence. The word "immediately" in the statute refers to the filing of the affidavit and not to the bond.

2. Information. A criminal information cannot be filed in the name of a private person, but must be filed by the prosecuting attorney.

*Appeal from St. Clair Circuit Court.*—HON. CHAS. G. BURTON, Judge.

REVERSED.

*Ferguson, Nesbit & Harrison*, and *Shaffner & Stratton* for appellant.

*D. H. McIntyre*, Attorney General, for the state.

The statute provides that an appeal may be had from a conviction before a justice if the defendant, "immediately after judgment is rendered, file an affidavit, stating that he is aggrieved by the verdict and judgment in the case, and that he does not make his appeal for vexation or delay, and shall also enter into a recognizance," etc. Sec. 2058, R. S. 1879. This section evidently means that both the affidavit and bond shall be filed *immediately* after the verdict and judgment, for the section immediately succeeding provides that an appeal may be taken, though no recognizance be given. Sec. 2059, R. S. 1879. It could never have been intended that upon a conviction before a justice, the person convicted might simply file his affidavit for appeal, and thereupon be allowed by the justice to go forth in search of sureties, without limit as to when his bond should be filed. This would render it possible in all such cases for persons so convicted to escape. In order to perfect his appeal, defendant must either file his bond immediately, or stand committed, in which case he may appeal without recognizance.

EWING, C.—This was a proceeding before a justice of the peace, on information in the name of a private citizen, against the appellant, under section 5436, Revised Statutes, 1879, for selling intoxicating liquors in quantities less than one gallon, without license as a dramshop keeper. Trial before a jury, verdict of guilty, assessing a fine of two hundred and fifty dollars, with judgment thereon. Appeal to the circuit court, when the prosecuting attorney filed a motion to dismiss the appeal, for the reason "that said appeal was not per-

fected in the time provided for by-law." On the hearing of this motion, the defendant offered to prove by the justice of the peace who tried the case, A. B. B. Lewis, "that at the time the verdict was rendered before him, as justice of the peace, it was nearly dark, and that he informed him, the defendant, that he could take the bond which he (defendant) had executed, to Roscoe, his home, for signature by his securities, and requested him to have P. Butler, justice of the peace at Roscoe, to approve the same, if he thought it good, and when it was so approved, to return it to him, and he would approve it." Defendant, also, offered himself as a witness to prove that at the time judgment was rendered against him it was nearly dark. That he prepared the bond immediately after the verdict was rendered, and signed the same, but there was no one present he could get as surety and requested the justice to give him time to make the bond, and that Lewis told him to have the bond signed and approved by Butler, at Roscoe, and send it to him, and he would approve it. That the securities signed it on the sixth, Butler approved it on the sixth, and it was delivered to Lewis on the seventh, who then approved it. The court refused to admit this offered testimony, and sustained the motion to dismiss, and the defendant then appealed to this court.

I. The question is as to the proper construction of section 2058, Revised Statutes, 1879, which reads as follows: "Any person convicted before a justice of the peace for any misdemeanor under the provisions of this article, may appeal to the circuit court * * * if he shall, immediately after judgment is rendered, file an affidavit, stating that he is aggrieved by the verdict and judgment in the case, and that he does not make his appeal for vexation or delay, and shall also enter into a recognizance in such sum," etc. If the word "immediately" in this section has reference to the recognizance to be filed, as well as to the affidavit, then its strict enforcement will, in most cases, amount to a denial of the

right of appeal. It would require that one who was on trial for an alleged misdemeanor, must have present his bondsmen at the trial. Section 3126, Revised Statutes, 1879, provides that "words and phrases shall be taken in their plain or ordinary and usual sense." But there are other rules of construction, although not statutory, equally binding upon courts. "Every statute ought to be expounded, not according to the letter, but according to the meaning." "Every interpretation that leads to an absurdity ought to be rejected." "A law ought to be interpreted in such manner as that it may have effect, and not be found vain and illusive." *Bailey v. Commonwealth*, 11 Bush 688. "When there can be no question as to the intent, it may be followed, though not strictly according to the letter of the law." *State ex rel. v. Diveling*, 66 Mo. 375. "If possible, the intention of the legislature is to govern." *State v. Jæger*, 63 Mo. 403. "Statutes must be understood and interpreted, with reference to their context and subject matter." *Ruggles v. Washington County*, 3 Mo. 348.

The legislature could not have intended that on conviction before a justice of the peace, on information, for a misdemeanor, a defendant should not be permitted some opportunity to comply with the requirements of the statute as to appeals. In such cases the affidavit may be made immediately, and in some cases the recognizance could be immediately given, but in many cases this could not be done. Upon conviction, the defendant must either pay his fine, or appeal. He is in the custody of the officers after conviction, and he must either appeal, or pay the fine and costs, or go to jail. Sec. 2050, R. S. Suppose, in this case, after the affidavit for appeal was made and filed, the justice had sent the defendant to jail, in default of payment of the fine and costs, and in default of the bond for appeal; would it be contended that he could not afterwards give bond, and be released from custody until his appeal could be heard? In civil cases the time in which bond may be given is

fixed by law. But in criminal cases, no time is fixed, except that he shall immediately file his affidavit. Then he is in custody of the court. After judgment, comes execution, unless he perfect his appeal by filing his bond. Immediately after judgment he is in custody of the law, and is subject to incarceration unless he perfect his appeal or pay the fine and cost. He may file his affidavit for appeal immediately. He may then in default of giving bond immediately, which would be a *supersedeas* be committed to jail until he perfect his appeal by giving the bond, or waiving the appeal and paying fine and costs. If he should whilst in jail (having immediately after judgment filed his affidavit for appeal) procure satisfactory sureties and tender a sufficient bond, he might be released on process until his appeal could be heard by the higher court. The law says he may appeal "if he shall immediately after judgment is rendered file an affidavit stating," etc., "and shall also enter into recognizance." Not *immediately* enter into recognizance, but *also* enter into, etc. If this section should be construed to mean that the defendant immediately enter into recognizance, it would amount to a virtual denial of the right of appeal in many cases. It seems to me that a more reasonable and legitimate construction would be that he must immediately file his affidavit for appeal, and then perfect it by bond before execution of the sentence. In my opinion, the word *immediately* in the section quoted, has reference to the affidavit for appeal, and not to the giving of the bond, and I, therefore, hold that the circuit court erred in dismissing the appeal.

II. It appears from the record that the information in this case is in the name of a private citizen. This has been held to be insufficient. *State v. Kelm*, 79 Mo. 515. It must be in the name of the prosecuting attorney.

The judgment of the circuit court is reversed and the prosecution dismissed. Judge Norton concurs in the result.