Botto, et al. *v.* Botto, et al.

[Abstract Kentucky Law Reporter, Vol. 6—663.]

**Rights of Innocent Purchaser.**

The rights of an innocent purchaser of real estate at a judicial sale cannot be defeated by entering into an investigation of the authority of one's attorney to act, where the record shows that the attorney instituted the action and the parties under it obtained their money. If parties have been injured by the fraudulent conduct of an attorney the remedy is against the one practicing the fraud and not against the innocent purchaser for full value.

**Non-resident Parties to Suit for Sale of Real Estate.**

The failure to appoint an attorney for non-residents in a proceeding to sell real estate renders the judgment void, but where such attorney is appointed and acts the mere absence of a record showing that some of the devisees had been summoned is not sufficient to enable one to make a successful collateral attack upon the record.

APPEAL FROM LOUISVILLE CIRCUIT COURT.

March 5, 1885.

Opinion by Judge Pryor:

It is evident from the facts of this record that the appellee, Mc-Conathy, when he made the purchase of the real estate in controversy, had no knowledge of the alleged fraudulent conduct of the parties procuring the judgment.

He stands in this case as an innocent purchaser paying the full value of what he obtained and besides it is not even shown that he was a party to the fraud. In order to secure the recovery sought for in this case the appellant must show that the judgment under

which the sale was made was void, and if void it affords no barrier to the recovery although the title is being questioned in a collateral proceeding.

The presumption is that Stratton was the attorney authorized to conduct the suit and that he was, is shown by its prosecution to judgment and the payment to the plaintiff of the moneys due them. It will not do to trifle with the rights of a purchaser by entering into an investigation of the authority of one's attorney to act, when the record shows that he instituted the action and the parties under it obtained their money, although it may appear that the same attorney was acting for others whose interests were adverse to the plaintiffs. ᐧ If parties have been injured by the fraudulent or improper conduct of an attorney and those acting with him the remedy is against those practicing the fraud and not against the innocent purchaser.

It is evident that the failure to appoint an attorney for the non-residents renders the judgment void. Whether this position be correct or not, we think it is evident that an attorney was appointed. A warning order was entered as required by law and the filing of a report by the attorney for the non-residents and the allowance made them would require the chancellor in behalf of the innocent purchaser to presume the appointment as the law provides. This presumption, while it might not be indulged in, in the hearing of an appeal in the original case, it would certainly apply where parties in a collateral proceeding are attempting to invalidate the judgment under which the case was made. In the case of *Jones v. Edwards*, 78 Ky. 6, this court said "that the mere absence of evidence in the record to show that some of the devisees had been summoned is not sufficient to enable the appellee to make a successful collateral attack upon the record and include as evidence." "Nothing shall be intended to be out of the jurisdiction of a Supreme Court but that which expressly appears to be so." Freeman on Judgments, see 124. It is not required by any provisions of the code that the appointment of an attorney for the non-resident shall be entered as a part of the warning order. The clerk is authorized to make the appointment. This may be done by an entry on the petition or an entry on the separate paper filed with the petition, and when an attorney files his report, or the attorney for the non-resident re-

ceives his allowance, it is very persuasive that he is acting under the authority of an appointment properly made, and when there is a collateral attack on the judgment for the failure of the clerk, such evidence should be satisfactory that an appointment had not been made. Section 59 of the code provides that: "The clerk at the time of making such warning order shall appoint as attorney for the defendant a regular practicing attorney of the court." It is usual to make this appointment at the close of the warning order, but that it was not done in that way will not authorize the conclusion, in a proceeding of this character, that no appointment was in fact made. In order to avoid this judgment the chancellor is asked to say that the attorneys without any authority, filed their report, as acting for the non-residents, and the court made them an allowance when no appointment was made and besides that the clerk had neglected a plain duty imposed on him by law. On the contrary should it not be presumed that the clerk discharged his duty and that the attorneys would not have appeared without an appointment and that the chancellor would have refused an allowance without evidence of their right to it. The clerk is required to make the appointment for the protection of the non-residents, and that the court may know that an attorney has been appointed to defend them. All then that is required is "that there be such evidence as will satisfy the chancellor that this has been done. In the original case there is an endorsement on the petition by the clerk, showing the steps taken." Petition filed. W. O. & Bob Kinkead, attorneys. And on the rule docket is endorsed petition filed W. O. and Jas. Botto, Henry Botto and I. R. Kinkead, attys.

These steps indicate clearly the action of the clerk and is on the evidence that the chancellor should have required when the case was submitted, that an attorney had been appointed and particularly when he turns to the record and finds the report of their attorney and answer for the non-residents. The report is that he had corresponded with the non-residents and they had authorized him to defend for them.

The claim of the city for taxes existed and nothing more was required than to file the tax claims, while its proceeding was in the nature of a proceeding, a judgment was rendered in the action, the subject matter of which the court had jurisdiction with a construc-

tion service and the fact that a claim was allowed the city that should not have been allowed will not affect the innocent vendee of the property. Whether the appellants can recover their taxes back from the city, if they were not due or owing, is not necessary to be determined. The evidence of jurisdiction over the subject-matter and the parties we think is clearly established and therefore the judgment below must be affirmed.

Judgment *affirmed*.

*Elliot and Hemingway, for appellants.*

*James S. Pirtle, for appellee.*