CASE 96—INDICTMENT—JANUARY 24.

# Commonwealth v. Hollidy.

APPEAL FROM KNOTT CIRCUIT COURT.

1. INTERPRETATION OF STATUTES.—Every interpretation of a statute that leads to an absurdity ought to be rejected. A law must be interpreted so that it may have effect.

2. SAME.—While the title of an act does not extend or restrain positive provisions of an act when there is a conflict between the title and body of the act, yet the title and the body of an act may be considered together for the purpose of arriving at the legislative intent.

3. LISTING OF LAND FOR TAXATION BY NON-RESIDENTS.—The act of March 19, 1894, making it the duty of every person owning land in a county in which he does not reside to file a descriptive list with the clerk of the county court "on or before the 15th day of August, 1894," from which the assessor is to list the land for taxation, was intended to be a permanent statute as is indicated by other provisions of the body of the act, and also by the title, and as the act by its express provisions was not to take effect until the 15th day of August, 1894, it must be construed to require the filing of a list on or before the 15th day of August in any year thereafter.

As the indictment in this case was returned on the 30th day of July, 1895, and charges that the failure to file the descriptive list took place on the 20th of July, 1895, it does not state an offense, as the defendant was not required to file the list until the 15th day of August, 1895.

4. SAME—CONSTITUTIONALITY OF STATUTE.—The fact that the non-resident land-owner is required to describe his land by metes and bounds while the resident land-owner is not required to do so does not render the statute unconstitutional.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

1. Section 4039 of the Kentucky Statutes under which the indictment was found is constitutional. (Blackwell on Tax Titles, chapter "Constitutionality of Tax Laws.")

2. The indictment follows the language of the statute and is therefore sufficient.

Commonwealth v. Hollidy.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The indictment against the defendant was returned by the Knott county grand jury, and describes the offense with which he is charged as follows: "The said defendant, on the 20th day of July, 1895, in the county and circuit aforesaid, failed to file a descriptive list of his land with the clerk of the Knott County Court, as required by law in such cases, the said land owned by the said defendant lying and being in Knott county, Kentucky, he at the time being a nonresident of Knott county, Kentucky."

The title of the act under which the indictment was found reads as follows: "An act to regulate and insure the assessment of property for taxation, and the payment of taxes thereon, belonging to nonresidents of the counties in which the same is situated."

"Section 1. That it shall be the duty of all persons owning any lands  *  *  *  in any counties in this Commonwealth, other than the county in which they reside; or, if they reside out of the State, to file a descriptive list with the clerk of the county court of the county in which said property is situated, under oath,  *  *  *  on or before the 15th day of August, one thousand eight hundred and ninety-four, from which descriptive list or lists the assessor of the county, in which the same is filed, will list the same for taxes each year at its fair cash value; and any person failing to comply with the requirements of this act shall be fined *for each of such failures* one hundred dollars and costs."

"Section 6. This act shall take effect and be in force from and after the 15th day of August, one thousand, eight hundred and ninety four."    [Ky. Stats., sec. 4039.]

The act was approved March 19, 1894.

While section 1 indicates the list is to be filed on or be-

fore the 15th day of August, 1894, yet section 6 provides the act shall not take effect until after that date.

The act does not in express terms declare for the years subsequent to August 15, 1894, nonresident owners of land, etc., shall file such descriptive list, yet the title of the act shows that it was to be a permanent statute for the purpose of assessing and collecting taxes on certain property of nonresidents. The title of an act does not extend or restrain positive provisions of an act when there is a conflict in the title and body of the act.

Section 1 provides for the imposition of a fine on any person for failing to comply with the requirements of the act, "for each of such failures." This language supports the manifest purposes of the act, as shown by its title. The body of the act failing in terms to make it apply only to the year of 1894, we must conclude that it applies to the years subsequent to the time it took effect, and is a permanent statute. Unless we take this view, the act is abortive. Every interpretation of a statute that leads to an absurdity ought to be rejected. A law ought to be interpreted in such manner as that it may have effect, and not be found "vain and illusive." (Bailey v. Commonwealth, 11 Bush, 688.)

While the act provides that the list shall be filed on or before the 15th of August, 1894, yet in the most explicit terms it provides that the act shall not take effect until after that date. If we hold that the act required the list to be filed on or before the 15th of August, 1894, the effect would be to impose a fine on one for a failure to do an act when, by the express terms of the statute, it was not in force when he committed the act.

We can not take the view of the act which would impose the fine on one for a failure to file the list on or before the

15th of August, 1894.    The act is not direct and certain enough to allow this to be done.

For a failure to file the list required by the act on or before the 15th day of August, 1895, the fine can be imposed because the act is in force after the 15th day of August, 1894.    The indictment was returned on the 30th day of July, 1895, and charges that the failure to file took place on the 20th of July, 1895.    The defendant was not required to file the list until the 15th day of August, 1895.    It shows that no offense had been committed under the statute.    An indictment under the statute in question should, in describing the acts constituting the offense, make it appear that the defendant owned a certain kind of property, naming it, situated in the county; that he is a nonresident of the county in which it is situated; that he failed to file the list of such property on or before the 15th day of August, in the year in question.    This is not intended to be a form for a description of the offense under the statute, but it is simply suggestive as to some statements which an indictment thereunder should contain.

It is contended that the act under consideration is in violation of the constitution, because the act requires the nonresident owner to furnish a list, in which a more particular description of his property must be given than is required of the resident taxpayer.    The resident is required to furnish the assessor a list of his property, in which the metes and bounds, etc., of his land need not be given.    The list which the nonresident is required to furnish must describe the land by metes and bounds, etc.

The nonresident is not required to pay any greater rate of taxation than the resident on the same valuations. The resident is required to furnish his list to the assessor of the county in which the property is situated, because the asses-

sor can see him. The nonresident is required to file his list with the county clerk of the county in which the property is situated, because the assessor is not required to go out of the county to make the assessment.

The list is not the assessment of the property, but a means of information for the officer, who alike fixes the value on the property of the resident and the nonresident. We do not think the requirement of the act which imposes on the nonresident the necessity of giving a description of his property more in detail than that required of the resident renders the act invalid. The court properly sustained a demurrer to the indictment.

Wherefore, the judgment is affirmed.