CASE 56—LANDLORD AND TENANT—APRIL 28.

## Meyer Bros.' Assignee v. Gaertner.

APPEAL FROM CHANCERY DIVISION, JEFFERSON CIRCUIT COURT.

LANDLORD AND TENANT—LIABILITY OF ASSIGNEE OF TENANT.—An assignee of a lease who takes his assignment with the landlord's consent becomes liable for the rent subsequently accruing with a lien for its enforcement for one year's rent, and this liability can not be put off by him by an assignment of the remainder of the term.

SAMUEL A. LEDERMAN FOR APPELLANT, AND FOR APPELLEE ON CROSS-APPEAL.

1. An assignment of an unexpired term in a lease without the landlord's consent even against an express provision in the lease against assigning over without such consent is voidable only and can be taken advantage of by the landlord only by his re-entry and the declaring of a forfeiture. Taylor Landlord & Tenant, vol. 2, sec. 492; Chautauqua Assembly v. Alling, 46 Hun, 582; Ready v. Amer. Brewing Co., 60 Ill. App., 50; Webster v. Ingalls, 104 Ill., 170; Shattuck v. Lovejoy, 8 Gray, 204; Sayles v. Kerr, 38 N. Y. S., 880.

2. One not a party to a contract within the statute of frauds can not plead the statute. Kleeman v. Collins, 9 Bush, 466; Crawford v. Woods, 6 Bush, 203; Clary v. Marshall, 5 B. M., 272; Woods' Statute of Frauds, p. 878; Browne Stat. of Frauds, sec. 135.

3. An assignment of a lease is the transfer of the entire term, no reversion remaining in the assignor. Taylor Landlord & Tenant, vol. 2, sec. 426; Cox v. Fenwick, 4 Bibb., 538.

4. An assignee of a term of rental is liable only in respect of his

[ 31 ]

, possession. He bears the burden while he enjoys the benefit. Taylor Landlord & Tenant, vol. 2, sec. 449.

5. An assignee of a term of rental may always discharge himself from liability for subsequent breaches in respect to rent, as well as to other covenants, by assigning over, though it be done for the express purpose to get rid of his responsibility and although the second assignee neither takes possession nor receives the lease. Taylor Landlord & Tenant, vol. 2, sec. 452; Wood, Landlord & Tenant, 1881, ed., p. 546; Trabue v. McAdams, 8 Bush, 781; Muldoon v. Hite, 6 Ky. Law Rep., 663; Ready v. Am. Brew. Co., 60 Ill. App., 50; Tivvals v. Iffland, 39 Pac., 102.

6. The provisions of the statute relating to landlord and tenant give to a particular class of persons advantage not enjoyed by any other class in the community. They are creatures of the statutes, their enforcement is by a summary proceeding, and they must be therefore strictly construed. Gedge v. Schoenberger, 83 Ky., 92; Stone v. Bohm, 79 Ky., 147; Petry v. Randolph, 85 Ky., 356.

7. An act in derogation of the common law should be strictly construed and strictly pursued, and the party seeking the benefit of it must bring himself clearly within not only the spirit and meaning but the letter of the act. He can take nothing by intendment. Ball v. Lastinger, 71 Ala., 678; Hollman v. Bennett, 44 Miss., 322; Sutherland on Stat. Con., secs. 392, 393.

8. Under the rules of strict construction of statutes an assignee of an unexpired term in a lease is not included within the operation of the terms of sec. 2317 of the Kentucky Statutes, chapter 75, title Landlord and Tenant; Ky. Stats., secs. 2305, 2307, 2316, 2317; Dishall v. Dandridge, 51 Miss., 55; Trabue v. McAdams, 8 Bush, 75; Muldoon v. Hite, 6 Ky. Law Rep., 663.

9. The distinction between the words "under tenant" and "assignee" is fixed and definite. These words are legal, technical terms, each having a distinct definite meaning in law which we must presume the Legislature was familiar with when it enacted sec. 2317. An "assignee" is always an "assignee;" an "under-tenant" is never an "assignee," but always a "sub-tenant" or "sub-lessee." Taylor Landlord & Tenant, vol 2, secs. 448, 449; Idem, vol. 2, sec. 109; Woods' Landlord & Tenant, 1881 ed., pp. 132, 133, secs. 94 and 95.

10. An assignment of his term by a tenant and delivery of possession of the premises destroys his privity of estate with the landlord but the privity of contract between them remains intact. Taylor Landlord & Tenant, vol. 2, sec. 436; Ready v. Amer. Brew. Co., 60 Ill. App., 50.

11. The words in sec. 2317 "and such lien shall not be for more

Meyer Bros.' Assignee v. Gaertner.

.than one year's rent due and to become due" do not give an absolute lien to the landlord for one year's rent due and to become due, but are words of limitation marking the utmost limit within which a lien can exist, and this lien can be for no longer period than that of the rental. Black on Inter., p. 149 and 286.

KOHN, BAIRD & SPINDLE, OF COUNSEL, FOR APPELLANT.

On cross-appeal, counsel cited: Ky. Natl. Bank v. Louisville Bagging Co., 98 Ky., 381; Loth, &c., v. Carty, 85 Ky., 591; Civil Code, secs. 645, 646, 696.

C. B. SEYMORE, FOR THE APPELLEE. (Brief withdrawn.)

LEWIS M. DEMBITZ ON SAME SIDE.

1. It is immaterial whether Meyer Bros. were assignees or undertenants of Gaertner. If assignees, with the consent of Gaertner they became tenants and directly liable; if they were undertenants, their property became liable by virtue of sec. 2317 of the Statutes.
2. The Trust Company by assigning to Kling is estopped from denying that Meyers Bros. were assignees and tenants at the date of the deed of trust.
3. An assignee of a lease is a tenant to all intents and purposes. The original lessee may still be liable upon his covenant, but the assignee is liable by reason of his occupation. Taylor Landlord & Tenant, secs. 16, 109; Hicks v. Downing, 1 Ld. Raymond, 99; Parmenter v. Webber, 8 Taunt, 593; Hume v. Hendrickson, 100 N. Y., 17.
4. The word "tenant" in the Statute embraces assignee as well as an original lessee. Ky. Stats., secs. 2305, 2307, 2317.
5. The trick of assigning the lease to Morris Kling is wholly out of place in the whole business, for it can only have the effect of relieving the trust company from personal liability and this the appellee does not ask.
6. It might be considered a hardship that the goods of an undertenant who may have rented the house for a single month, should be bound for the rent which the intermediate landlord is bound under the laws for a whole year, but the Statute can not be construed away by reason of this harshness; for it is only a partial recognition of the old medieval law which makes anything on the premises, even the goods of a stranger, except in a few enumerated cases, subject to the landlord's distress; and of the statute, 9 George 2, giving the landlord the one year's lien on all goods upon the premises, which statute

has also been re-enacted in many other American States. Long-
streth v. Pennock, 20 Wall., 575; Loth v. Carty, 85 Ky., 591.

7. The point made by appellant that a sub-tenant's goods should not
be liable for more rent than will satisfy his own rent is not the
law.  Sutton v. Perkins, 2 Ky. Law Rep., 233.  And if there was
such law, it would not benefit appellant, for the appellant main-
tains that Meyer Bros. were assignees of the whole unexpired
term and so was the trust company by assignment from them.

8. The principle invoked by counsel for the appellant that there
can not be a lien without a debt is not without exception.  The
clearest instance of an exception is in the statute itself and in
the former acts from which it is derived, both in England and
in Virginia.

SAMUEL A. LEDERMAN AND KOHN, BAIRD & SPINDLE FOR AP-
PELLANT IN A PETITION FOR A REHEARING.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

This case is before us upon an agreed statement of facts.
In August, 1895, appellee, Gaertner, executed to one Ro-
senberg a written lease of a storehouse owned by him in
Louisville, which was also signed by Rosenberg, for the
term of two years from April 1, 1896.  By the lease it was
provided that the premises should not be underlet, or the
term, in whole or in part, assigned, transferred, or set over,
by the act of the lessee, by process or operation of law, or
in any other manner, whatever, without the written con-
sent of the lessor, but that the lessee might sublet the
building to a responsible party, to be used for the same or
a similar business, who should be acceptable to the lessor,
in which event the lessee was to remain liable on the lease
until its expiration.  In January, 1897, Rosenberg
assigned the unexpired portion of his term to Mey-
er Bros., and delivered his lease to them; and
they took possession and occupied the property,
claiming as assignees of the term, and remained in posses-
sion, paying the rent to Gaertner.  On July 21, 1897, they
made an assignment for the benefit of their creditors to the

Louisville Trust Company. The assignment from Rosenberg to Meyer Bros. was made in parol, and was not evidenced in any writing. It is also agreed that Meyer Bros. were acceptable to the lessor. At the time of the Meyer Bros. assignment the rent for June was due. On July 22, 1897, after the deed of assignment to the trust company, the company, for the purpose of protecting the assigned estate, and of avoiding any future liability for the rent.of the leased property, assigned all its and its assignor's interest in the unexpired part of the term to one Kling, who accepted the assignment. That assignment is in writing. Gaertner gave no consent, written or oral, to either assignment, but continually looked to Rosenberg as tenant under the lease.

The trust company claims that upon these facts the assigned estate is liable to Gaertner only for the rent due to August 1, 1897, which it has paid him. Gaertner claims that the estate is liable to him, not only for the rent due at the time of the assignment to the trust company, but for all the rents to become due thereafter, for the ten months to elapse before the expiration of the lease to Rosenberg, and that he has a prior lien upon the assets for *all* that rent. By a written agreement between Gaertner and the company, made before the sale of the stock of goods assigned, it was agreed that no distress warrant or attachment need issue for the rent of the premises, and that whatever lien Gaertner might have on the personalty should hold good on the proceeds. Gaertner filed proof of his rent claim with the trust company.

The question presented to the court for decision is whether the assignment by the trust company to Kling of the unexpired portion of the term operated to accomplish the avowed purpose of relieving the assigned estate from

Gaertner's landlord's lien, which could have been asserted if no assignment had ever been made by the assignee of the term. The question thus presented is one of great interest, and has been elaborately and ably briefed.

It seems clear that the assignment by Rosenberg to Meyer Bros. in violation of the terms of the lease, as it was made without the landlord's consent, was voidable only, and could be taken advantage of by the landlord only, by re-entry and declaration of forfeiture of the lease. (Taylor's Landlord & Tenant, sec. 492). It is equally clear from the record that if there be a difference between an assignment of a term, in whole or in part, and a subletting, this was an assignment; for it is stipulated in the agreed statement of facts that the remainder of the term was assigned. The original lessee had transferred his whole estate, therefore, and had no reversion, though he was still liable upon his covenant to pay the rent.

There was no privity of contract between the assignee of the term and the lessor. It is insisted that, as assignee, he was liable, only because of his possession, and so was only liable for covenant's broken while he remained in possession of the property, and for such rents as accrued after he took possession.

What effect does the assignment over by the assignee of a term have upon his liability for rents to become due thereafter? The rule, in the absence of statutory modification, is thus stated by Taylor (volume 2, section 452): "An assignee may always discharge himself from liability for subsequent breaches, in respect to rent as well as to other covenants, by assigning over, though it be done for the express purpose of getting rid of his responsibility, and although the second assignee neither takes possession nor receives the lease. And he

may assign to a beggar, a *feme covert*, or to a person who
is on the eve of quitting the country forever, provided the
assignment shall be executed before his departure, and
even although the assignee may receive from the assignor
a premium as an inducement to accept the transfer. The
same result follows, notwithstanding the assignment of
the lease remains in the hands of the solicitor of the as-
signor, who has a lien for the expenses of preparing it, or
the lease contains a covenant not to assign; for the assign-
ment destroys the privity of estate, which was the only
ground upon which the assignee was liable, and, though the
tenant's liability on his covenant to pay rent may subsist
during the continuance of the lease, there is no personal
confidence reposed in the assignee of the lease."

The question presented, therefore, is, has this rule been
modified by statute, as to the property of the assignee on
the premises? The statutes, so far as material to this con-
troversy, are as follows:

"Rent may be recovered from the lessee or oth-
er person owning it, or his assignee or under-tenant, or
the representative of either, by the same remedies given
in the preceding sections. But the liability of the assignee
or sub-tenant shall only be for the rent accrued after his
interest began."

"A distress warrant or attachment for rent shall
bind, and may be levied upon any personal prop-
erty of the original tenant found in the county; and upon
the personal property of the assignee or under-tenant found
on the leased premises, and if the tenant has removed his
property to another county the distress or attachment may
be directed to such county."

"If after the commencement of any tenancy, a
lien be created upon the property upon the leased

premises liable for rent, the party making or acquiring such lien may remove the property from the premises upon the following terms, and not otherwise; that is, by paying to the person entitled to the rent so much as is in arrear, and securing to him so much as is to become due; what is so paid and secured not being more altogether than a year's rent."

"All valid liens upon the personal property of a lessee, assignee, or under-tenant, created before the property was carried upon the leased premises, shall prevail against a distress warrant or attachment for rent. If such lien be created whilst the property is on the leased premises, and on property upon which the landlord hath a superior lien, for his rent, then to the extent of one year's rent, whether the same accrued before or after the creation of the lien, a distress or attachment shall have preference, and be first satisfied, provided the same is sued out is one hundred and twenty days from the time the rent was due."

"A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant or under-tenant, owned by him after possession is taken under the lease; but such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than one hundred and twenty days." [Kentucky Statutes, sections 2305, 2307, 2314, 2316, 2317.]

Our statutes also provide as follows:

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, is not to apply to this revision; on the contrary its provisions are to be liberally construed with a view to promote its objects." Ky. St., sec. 460.

Construing the sections above quoted under this rule, with a view to promote their object, we think it clear that they give the landlord a superior lien, for not exceeding one year's rent, due or to become due, on all the property of the tenant, sub-tenant, or assignee on the premises, subject to execution, the liability of the assignee or sub-tenant being only for the rent accrued after his interest began. Appellee, therefore, had a superior lien on all the property of appellant, as assignee of Meyer Bros., on the premises, for one year's rent, due or to become due, at the time it executed the assignment of the balance of the term to Kling. They had no right to make any assignment of the lease without the written consent of the appellee, and it certainly was not the intention of the statute that the tenant could, by a violation of the lease, and without the consent of the landlord, divest him of his lien on the tenant's property for his rent, and thus defeat the entire purpose of the statute.

Rosenberg had no right to assign his lease to Meyer Bros., but only the lessor could complain of this, and, he acquiescing in the assignment, Meyer Bros. became his tenants. An assignee of a lease, accepting the assignment of it, takes it subject to all the covenants contained in it; and so Meyer Bros., or appellant, as their representative, had no right to assign this lease to another. The law suffers no man to profit by the violation of his own contract, and it would be a plain denial of the purpose of these statutes to allow an assignee of a lease to defeat the lien secured by it to the landlord by a wrongful act of his own, and without the concurrence of the landlord.

If, on the day before the assignment to Kling was made, appellee had taken out an attachment for the rent due or to become due under this lease,

would it be contended that his attachment might be defeat-
ed by the assignment made to Kling on the following day?
The plaintiff may defeat the lien of his attachment by his
acts, but nothing that the defendant can do alone can have
this effect. But an attachment, if taken out, would have
added nothing to the efficacy of the landlord's lien. The
statute gave him a lien, with or without the attachment,
and the property subject to the lien could as well be with-
drawn from the operation of the attachment as from the
operation of the lien given by the statute, by the act alone
of the assignee or sub-tenant.

The doctrine that a lien is only an incident to a debt, and
that where the personal liability is terminated the lien is
gone, has no application to a statutory right like this. The
landlord might be perfectly satisfied where his tenant as-
signed his term to another who filled the storehouse with
goods, thus securing the rent; for, without regard to per-
sonal liabilities, he is given by the statute a superior lien
on the goods for his rent, and it was never intended that
after this was done the assignee could move out his goods
at any time he pleased, and, by assigning the lease to a
beggar, throw upon the landlord the entire loss of his rent.

Appellee's lien on the personal property of the assignee
or under-tenant on the premises is simply a right *in rem*
conferred by statute. Such rights often exist when there
is no personal liability, as on the get of a stud for the ser-
vices of the horse, or on the property of a married woman
in favor of a mechanic before our enabling acts.

On the day that Meyer Bros. made the deed
of assignment to appellant, appellee had a lien
on the stock of goods for a year's rent, due or
to become due. By that deed Meyer Bros. cre-
ated a lien on the property in favor of all their creditors.

But this lien so created on the property in the hands of appellant was by the express provisions of section 2316, quoted above, subject to the lien of appellee; and appellant who was trustee for the creditors, and charged by law (Kentucky Statutes, section 74) with the duty of applying the proceeds of the property first to the discharge of the liens on it, could not by its sole act, without his consent, destroy appellee's lien, when the statute required it to be paid before other claims.   Judgment affirmed.

THE WHOLE COURT CONSIDERED THIS CASE.

THE CHIEF JUSTICE AND JUDGES GUFFY AND DuRELLE DISSENTING.

JUDGE DuRELLE DELIVERED THE FOLLOWING DISSENTING OPINION:

I earnestly dissent from the opinion of the majority. This case is before us upon an agreed statement of fact, which, with the legal questions presented, is fully set forth in the majority opinion.

There was no privy of contract between the assignee of the term and the lessor. As assignee, he was liable because of his possession, and was liable for covenants broken only while he remained in possession of the property, and for such rents only as accrued after he took possession.   Taylor's Landlord & Tenant, v. 2, section 449.   He bore the burden so long as he enjoyed the benefit.

What effect does the assignment over by the assignee of a term have upon his liability for rents to become due thereafter?   The rule, in the absence of statutory modification, is given in the majority opinion, as stated by Taylor (volume 2, section 452).   To the same effect, see Wood on Landlord & Tenant, page 546.

It does not appear to be contended that this doctrine is changed, as to personal liability of the assignee over, by

the Kentucky Statute of landlord and tenant, but that the statute fixes upon his goods a lien, to the extent of the personal liability of the original lessee, within the limit of a year, as fixed by the statute. The statutes involved are found in sections 2305, 2307, and 2317 of the Kentucky Statutes, which are as follows:

"Sec. 2305. Rent may be recovered from the lessee or other person owing it, or his assignee or under-tenant, or the representative of either, by the same remedies given in the preceding sections. But the liability of the assignee or sub-tenant shall only be for the rent accrued after his interest began."

"Sec. 2307. A distress warrant or attachment for rent shall bind, and may be levied upon any personal property of the original tenant found in the county; and upon the personal property of the assignee or under-tenant found on the leased premises, and if the tenant has removed his property to another county, the distress or attachment may be directed to such county."

"Sec. 2317. A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, or under-tenant, owned by him, after possession is taken under the lease; but such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than one hundred and twenty days. And if any such property be removed openly from the leased premises, and without fraudulent intent, and not returned, the landlord shall have a superior lien on the property so removed for fifteen days from the date of its removal, and may enforce his lien against the property wherever found."

The remedies referred to in section 2305 are the remedies by distress and landlord's attachment.

Meyer Bros.' Assignee v. Gaertner.

It is urged on behalf of appellee that, upon the theory that Meyer Bros. were assignees of the term, they became the tenants upon coming into possession. Says counsel for appellee upon this subject: "An assignee of a lease is a tenant, to all intents and purposes. The original lessee may still be liable upon his covenant of payment, while the assignee is liable by reason of his occupation; but the former is not a tenant after he has assigned and left possession, while the assignee in possession is a tenant"—referring to Taylor's Landlord & Tenant, sec. 16.

And again: "The assignee comes at once into privity with the landlord, and while he remains owner of the term under the assignment he, is liable on all the covenants of the lease. 'An assignee is personally liable to the lessor upon all covenants which run with the land, the premises also remaining liable to a distress by the latter for the rent.' Id., sec. 109, and authorities quoted in note 6."

This is entirely true, as I think, and entirely in accordance with the doctrine quoted from Taylor. The assignee in possession is a tenant, in that he holds the land. But he holds it, not under contract with the owner, and has no privity of contract with him, but only privity of estate, which being terminated, his character of tenant ceases coterminously with his possession of the property.

It is sought, however, on behalf of appellee, by establishing the proposition that the assignee is a tenant, to subject his goods to a lien for the rent, co-extensive with the liability of the original lessee under his contract, subject only to the limitation that it shall not extend beyond rent for one year.

It is conceded by both sides that the remedy by distress

in Kentucky is not in any wise similar to the common-law right of distraint, but is purely statutory, in that it gives a lien upon, and right of sale of, the goods of the tenant; and this, in some instances, independent of the continuation of the relation of landlord and tenant.   Conceding this to be true, it follows that, the lien being given independently of the contract rights existing between the parties, and the remedy for its enforcement being an extraordinary and frequently oppressive one, the statute must be strictly construed, and can not, by implication, be extended beyond the plain legislative intent.

This has frequently been held by this court.   Gedge v. Shoenberger, 83 Ky., 92, and Hutsell v. Deposit Bank, 19 Ky. L. R., 1492, [43 S. W., 469].

"It is no mere remnant of the old common-law right," says counsel for appellee, "but it exists by virtue of the act of 1811.   2 Morehead & Brown, 1358."

Now to consider the statutes:

Section 2305 gives a remedy by distress or attachment against the lessee or other person owing it, or his assignee or undertenant, or the representative of either, providing that the liability of the assignee or sub-tenant shall only be for the rent accrued after his interest began.

Section 2307 provides what property shall be subject to levy, and under what circumstances.

But neither of these sections in any wise refers to the liability to secure which the lien is given, or alters such liability of person or goods from that which existed under the contract, or, at common law, arose out of the relations of the parties.

It has never been held that the property of the subtenant was liable for rent beyond the term of his tenancy.

Section 2317 gives the landlord a superior lien upon the

property of the tenant or under-tenant, but provides that such lien shall not be for more than one year's rent, due or to become due. It seems to be contended that this gives the landlord, by implication, a lien for one year's rent. But while it is generally true that the expression of one thing is to be construed, as the exclusion of others, it does not always follow that the converse of the rule is true.

In Black on Interpretation of Statutes, it is said (page 149): "It is sometimes said that the converse of this rule is equally available in statutory construction; that is, that the express exclusion of one thing will operate as the inclusion of all others. Thus, if a statute explicitly provides that a court, in certain cases, shall not impose a fine of less than $100, this implies the power to impose a fine of $100 or more. But this inversion of the rule is to be applied with even greater caution than the rule itself. We should not infer the inclusion of one thing from the exclusion of another, unless such an inference is very clearly in accordance with the intention of the Legislature, or unless it is necessary to give the statute effect and operation. Particular care should be observed in resisting the conclusion that the express shutting out of one thing will necessarily let in its opposite."

And in the case at bar it would seem clear— assuming that counsel for appellee is correct in his contention that an assignee of a term is included under the word "tenant" in the section mentioned—that the lien given extends for rent, not to exceed one year, for and during the continuance of the term of the person whose goods are to be subjected to its payment. The term of the original tenant extends until the expiration of his lease. The term of the assignee extends only until his relation of tenant, ex-

isting solely by virtue of privity of estate, shall cease; and that ceases upon his assignment of his assigned term.

This conclusion is fortified by the reasoning in Trabue v. McAdams, construing an exactly similar statute in 8 Bush, page 75, where the lessees of mines had assigned the benefit of their lease to one McAdams. In a suit for the rent, McAdams claimed that he had assigned over the term assigned to him. Said this court, through Judge Lindsay:

"McAdams, not only by express agreement, but by operation of law, became the assignee of said lease, and thereby undertook the responsibilities of an assignee of an unexpired term." "Nor does his liability depend upon personal possession of the premises. By taking the transfer he was notified of the terms of the lease, and thereby accepted them, and undertook their performance. Nor could he discharge the undertaking, or relieve himself from liability as assignee, by anything short of an actual, absolute transfer or assignment of the entire unexpired term. Such an assignment, he insists, he did make to Looney; but, when the testimony in the case is carefully scrutinized, it does not, as we think, admit of any such conclusion."

And in 6 Ky. Law Rep., 663 (Muldoon v. Hite), it was held by the Superior Court that the assignee of a lease may always discharge himself from liability for subsequent breaches, both as regards rents and other covenants, by assigning over, even though it be done for the express purpose of getting rid of his responsibility.

These cases were apparently cases where the personal liability alone was sought to be enforced. But the reasoning of the McAdams case is extremely persuasive; and I am clearly of opinion that the goods of the assignee are not liable for rent to become due after the expiration of the assignee's

tenancy of the property, and that this may be terminated by an assignment over.

It is claimed that Meyer Bros. were sub-tenants, and that there is no real difference in legal liability between assignees and sub-tenants. The distinction seems to me, however, to be well marked. (Taylor's Landlord & Tenant, vol. 2, secs. 448, 449; and vol. 1, sec. 109.)

Assuming the doctrine laid down by Judge Lindsay in the Trabue v. McAdams case, *supra*, to be correct—and it has never been questioned in this state—we have, or may have, three classes of persons to whose property the lien given by the statute may be held to attach, viz., a tenant, the assignee of a term, or a sub-tenant. Each has a liability—the original tenant, by virtue of his covenant; the assignee and the sub-tenant, so far as the landlord is concerned; by virtue of their privity of estate. The statute gives a lien, in general terms, upon the goods of each of them for rent. As against the tenant, clearly, this lien applies to and secures only the rent "due or to become due" *from him*, with the limitation that it shall not exist for rent due for more than 120 days, nor for more than one year's rent due or to become due. If his lease is by its terms to terminate at the expiration of a month, it can not be contended that the landlord has a lien for a year's rent to become due. If, by its terms, his lease is terminable upon 30 days' notice, can it be contended that the landlord has a lien, to be enforced by attachment, for a year's rent to become due? Yet that is the logic of the majority opinion, for the assignee of the term, whose term is conceded to be terminable at any moment when he may assign to some one who will accept the assignment, whose position of tenant or holder of the property is thus terminable, may under this statute, be held for

[ 32 ]

a year's rent thereafter to become due, *not from him*, but from the man who contracted to pay it. And so, applying the doctrine to the case of a sub-tenant, one who holds a single storeroom in a large house, under a sub-lease which by its terms is to end in a month, must, under the majority opinion, be held, so far as his goods are concerned, liable for a year's rent for the entire property; and this was without any pretext that any of such rent, except one month's rent of the limited part of the property which he holds, is ever due or to become due *from him*.

Where a statute, in general terms, gives a lien for rent against the property of three distinct classes of persons, the fair, the just and the logical rule of construction would, it seems to me, be to hold that the lien given upon the goods of any one of the three classes mentioned should attach to his goods to secure and compel the payment of the liability for which he was responsible, and not for a liability incurred by some one else.

With a fair, reasonable, and just application of the statute confronting it, the majority of the court has chosen to apply the statute in a manner which may, and undoubtedly will, work manifest injustice. The construction for which I have contended could work injustice to no one. It would hold the assignee or the sub-tenant liable for everything they had ever agreed to pay to anybody, and could work no injustice to the landlord; for he would get, or could get, everything which had ever been contracted to be paid to him by any one. If he desired to hold his original tenant, there is no obligation upon him to execute a release. If the original tenant, being insolvent, undertook to remove his goods, they could be subjected to the landlord's claim by distress

warrant or landlord's attachment. And, in addition to these rights, he would be entitled to a remedy against the goods of the assignee and the goods of the sub-tenant for every cent which could legally or justly be demanded of them.

The majority opinion lays stress upon sections 16 and 17, c. 21, of the General Statutes (now to be found in section 460 Kentucky Statutes), as to the construction to be given statutes in derogation of the common law. This statute, which has, in part, been held merely declaratory of the common law, in so far as it provides that words and phrases shall be understood according to the common and approved use of language (Bailey v. Com., 11 Bush, 688), has been frequently referred to as authorizing the court to apply a somewhat more liberal construction than prevailed at the common law, in order to effect the intent of the Legislature. When the intent is clear from the language of the statute, that purpose is to be carried out by the courts, although the language used may be inapt. But it does not authorize the court to assume a purpose not deducible from the language of the statute, and then to effect that imaginary purpose by applying the language to a state of facts not within its terms, as well as to the condition to which it is clearly applicable.

One other comment I desire to make upon the majority opinion:

It concedes that the assignment of the lease in violation of its terms could be taken advantage of by the landlord by re-entry, and declaration of forfeiture of the lease, only, and authority is referred to in support of this proposition. But, after so holding, the opinion, in its conclusion, holds that as the terms of the lease forbade an assignment, and as Meyer Bros., by accepting the assign-

500        KENTUCKY REPORTS.        [Vol. 106

ment, took it subject to its covenants, they had no right to assign their lease, because, says the opinion, "the law suffers no man to profit by the violation of his own contract, and it would be a plain denial of the purpose of these statutes to allow an assignee of a lease to defeat the lien secured by it to the landlord by a wrongful act of his own, and without the concurrence of the landlord." That is to say, as against the assignee of a lease the landlord has a higher right than he has against the original lessee. Against the lessee, the landlord can only re-enter and forfeit the lease. Against the assignee, he can impose an additional penalty, by subjecting the assignee's goods to the payment of another's obligation.

The judgment, in my opinion, should be reversed.

CHIEF JUSTICE HAZELRIGG AND JUDGE GUFFY CONCUR IN THIS DISSENT.