## Entroth Shoe Co. v. Johnson.

(Decided May 3, 1935.)

310

BRUCE & BULLITT and ROBERT LEE BLACKWELL for appellant

MICHAEL M. HELLMANN and JOSEPH J. HANCOCK for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This action was tried by the circuit court without the intervention of a jury. The appellee, Henry M. Johnson, on February 2, 1929, executed a lease of a storeroom to the United Linen Stores Company (hereinafter called the Linen Company) and others for a period of "three years and two and two-thirds months from February 10, 1929, to April 30, 1932." So far as is here involved, the rent was fixed at $500 per month. There was in the lease an express provision against subletting or assigning without the written consent of the lessor.

On February 25, 1929, the Linen Company entered into an agreement with the appellant, Entroth Shoe Company (hereinafter called the Shoe Company), whereby it leased to the Shoe Company the south one-half of the storeroom for a period of "three years, two and two-thirds months, from the tenth day of February, 1929, to the thirtieth day of April, 1932." This agreement provides for the payment of rent in the sum of $400 per month.

At some time prior to February 1, 1931, the Shoe Company abandoned its one-half of the premises, for reasons appearing to it to be sufficient. The Linen Company, or its successor, continued in the possession

of the premises and paid rent to Johnson up to February 1, 1931. Prior to this date the Linen Company brought a suit against the Shoe Company for its claimed arrears in rental due the Linen Company, and this case was finally compromised on October 1, 1931, by the payment of $500 by the Shoe Company to the Linen Company, in consideration of which the latter released the Shoe Company from all claims arising out of the lease, and the two companies "mutually cancelled and terminated said lease as of the date of its execution, to wit: February 29, 1929."

On January 14, 1932, this action was filed by Johnson against both the Linen Company and the Shoe Company. The Linen Company made no defense and is not before us. The trial court found that the agreement between the Linen Company and the Shoe Company was an *assignment* pro tanto, and not a *subletting* of the premises, and held the Shoe Company liable for one-half of the rental for the remainder of the term of the lease, subject to certain credits, with the result that a judgment for the net amount of·$2,296.46 was entered against the Shoe Company.

The Shoe Company appeals from the judgment and assigns as error: (1) Its agreement with the Linen Company was a sublease and not an assignment pro tanto; (2) it was induced to enter into the agreement through the fraud of the Linen Company, and the Linen Company violated its agreement; (3) conceding that the agreement was an assignment, it reassigned the premises on October 1, 1931, and is not responsible for rent beyond that time.

The distinction between an assignment and a sublease is clear, though not always easy of application. An "assignment" is a total transfer to another of all the tenant's interest in the whole or a part of the premises, leaving no interest in the assignor as to the land assigned. The assignee steps into the shoes of his assignor. He is in *privity of estate* with the lessor and *privity of contract* with the lessee. Naturally, where, as here, the original lessor does not consent to the assignment and never recognizes the assignee, there can be no privity of contract between the lessor and assignee. A "sublease," on the other hand, is a transfer of only part of the lessee's estate in the premises, leaving a *reversion* in him. The sublessee is not in privity

of estate or of contract with the original landlord. Cook v. Jones, 96 Ky. 283, 292, 28 S. W. 960; Consolidated Coach Corp. v. Consolidated Realty Co., 251 Ky. 614, 65 S. W. (2d) 724; Underhill on Landlord and Tenant, vol. 2, sec. 642; Thompson on Real Property, vol. 2, secs. 1372, 1373.

The liability of the assignee to the landlord rests upon privity of estate, and not of contract. It is clear, therefore, that the fact that the assignment reserves a greater proportionate rent than the assignor has himself agreed to pay the landlord does not prevent the transfer from being treated as an assignment in determining the correlative rights of the landlord and assignee. Thompson on Real Property, vol. 2, sec. 1373.

The trial court was plainly correct in its determination that the agreement between the Linen Company and the Shoe Company was an assignment, and not a sublease.

Since, as we have seen, the correlative rights of landlord and assignee arise from privity of estate, and not of contract, it becomes at once apparent that neither the fraud of the assignor nor the breach of its contract can affect the question here. There is neither charge nor proof that Johnson participated in either.

Finally, however, we are confronted by the proposition that the Shoe Company surrendered all interest in the premises to the Linen Company on October 1, 1931, and the latter accepted the reassignment. Manifestly, all *privity of estate* between Johnson and the Shoe Company was thereafter terminated. Upon no possible theory could the Shoe Company thereafter be responsible for any part of the rent. It was never in privity of contract with Johnson. It was not in privity of estate with him after October 1, 1931. Its abandonment of the leased premises prior to February, 1931, did not terminate its privity of estate. Its reassignment did. Alexander v. Theatre Realty Corp., 253 Ky. 674, 70 S. W. (2d) 380. There is no attempt here to assert a statutory lien. Meyer Bros.' Assignee v. Gaertner, 106 Ky. 481, 50 S. W. 971, 21 Ky. Law Rep. 52, 45 L. R. A. 513.

The trial court plainly erred in permitting a recovery of rent from the Shoe Company after it had severed all connection with the property.

Judgment reversed.