## NATHANIEL PINGRY *v.* JOEL G. WATKINS.

[Same Case, 15 Vt. 479.]

Questions once decided in a case in the Supreme Court are not open for argument, when the same case is again before the court at a subsequent term.

When there is no *latent* ambiguity in a deed, the intention of the parties must be ascertained from the instrument itself, and cannot be shown by parol evidence.

Where, in an action of covenant for rent, brought against the assignee of the lessee, the plaintiff alleged that all the estate, right, interest, &c., of the lessee in the demised premises came to and vested in the defendant, by assignment thereof, and that the defendant entered into possession of said premises after said assignment, and retained the possession thereof until the rent sued for became due, and the defendant pleaded that the estate, right, &c., of the lessee did not come to and vest in him, as alleged in the declaration, and that he was not possessed of and in the said demised prem-

ises in manner and form as the plaintiff had alleged, upon which plea issue was joined, it was held that the fact of the assignment was the only material part of the issue, and the only part which the plaintiff was required to prove, and that the defendant could not be allowed to prove that he did not in fact take possession of said premises after the assignment.

Where an assignment of dower and other records in the office of the probate court are referred to as part of the description of premises in a conveyance of real estate, they may be used as evidence in court, for the purpose of identifying the premises conveyed, notwithstanding they may never have been recorded in the office of the town clerk of the town in which the land lies.

THIS was an action of covenant for the non-payment of rent.

The plaintiff declared, that, on the 13th day of February, 1833, he, with his then wife, Rebecca Pingry, executed to Charles W. Watkins, his heirs and assigns, for and during the natural life of the said Rebecca, a lease of certain premises in Chester, in the county of Windsor, reserving an annual rent of $42,50, payable on the first day of April in each year during the said term; that said Charles W. Watkins entered into possession of the premises; that on the 8th day of February, 1840, all the estate, right, interest, &c., of the said Charles W. Watkins in the said premises, then to come and unexpired, by assignment thereof then and there made, legally came to and vested in the defendant; that thereupon the defendant entered into possession of the said premises, and continued in possession thereof until the decease of the said Rebecca, who died on the 5th day of July, 1840; and that the defendant had not paid the said sum of $42,50, which became due, by virtue of said lease, on the first day of April, 1840.

The defendant pleaded that all the estate, right, interest, &c., of the said Charles W. Watkins in the said premises, then to come and unexpired, did not come to and vest in the said defendant by assignment thereof, and that he was not possessed of and in the said demised premises in manner and form as the plaintiff had alleged; and upon this plea issue was joined. There was a second count in the declaration, which alleged the fact of the assignment, but not that the defendant took possession of the premises; and on that count issue was joined as to the fact of the assignment, only.

On trial the plaintiff gave in evidence the lease declared upon,—in which the demised premises were described, as being " all that cer-
' tain part of the real estate of Elias Watkins, seinor, late of Chester,
' deceased, that was set off to the said Rebecca, as widow of the
' deceased, as her thirds, lying and being in Chester aforesaid, to-
' gether with the buildings thereon, as set to her by a committee
' appointed for that purpose,—the particular boundaries and descrip-
' tion thereof being set forth in the return of said committee, and
' the particular part of the buildings, as described thereon ; refer-
' ence is had thereto."

The plaintiff then offered in evidence a copy, from the probate records, of the assignment of dower of the said Rebecca, as widow of the said Elias Watkins, senior, dated April 16, 1814 ; also of the assignment of the remainder of the said Elias Watkins' estate to his son, Elias Watkins the younger, by the probate court, dated Jan. 14, 1844 ; to both which the defendant objected, for the reason that they had not been recorded in the office of the town clerk of Chester ; but the objection was overruled by the court. The plaintiff also offered in evidence the division of the estate of Elias Watkins the younger, who was the father of the defendant and of the said Charles W. Watkins, among his six children ; to the admission of which the defendant also objected ; and the objection was overruled by the court.

The plaintiff also offered in evidence a quitclaim deed, executed, on the 8th day of February, 1840, by the said Charles W. Watkins to the defendant,—the descriptive part of which was in these words ;—" all the right, title, interest, property, estate and demand
' which I, the said Charles W. Watkins, have in and to certain
' tracts, pieces, or parcels of land, lying and being in Chester afore-
' said, described as follows, to wit,—all that certain piece of land,
' set to me as my share of the home farm of my late father, Elias
' Watkins, deceased, as the same is described by the doings of the
' committee on record in Chester land records, having reference to
' the said records for the bounds thereof. Also, one other piece, set
' off by said committee of the reversion of the widow Rebecca Howe,
' late widow of Elias Watkins the elder, deceased, having reference
' to the records aforesaid for the particular bounds thereof. Also,
' all my right, title, or share, of the reversion of the thirds set off to

' the widow Sally Watkins of the estate of my said father, which I
' now have, or may hereafter have therein in common and undi-
' vided, or that may be hereafter set to my share on a division there-
' of,—be the same more or less." The plaintiff claimed that the
premises secondly described in said deed were the same with the
premises demised in said lease. To the admission of this deed in
evidence the defendant objected ; but the objection was overruled
by the court.

The plaintiff proved that the said Charles W. Watkins went into
possesion of the said demised premises under the lease, and contin-
ued in possession thereof until he executed the said deed to the de-
fendant. The plaintiff also proved that the house and buildings,
mentioned in the assignment of dower to the said Rebecca, are on
the land which was assigned to the said Charles W. Watkins in the
said division of the estate of his father, Elias Watkins the younger.
And it appeared, that, in the partition of the estate of Elias Watkins
the younger, among his six children, the reversion of the said Rebec-
ca's said dower was divided into six parts, of which her right in the
buildings was considered one part and was assigned to said Charles.
The plaintiff also gave evidence tending to prove that the land, so
assigned to the said Rebecca, was known in the family and had ac-
quired the name of the *Reversion,* and was so called in the partition
and conveyances. It was conceded by the defendant that the wid-
ow Rebecca Watkins, afterwards widow Rebecca Howe, intermar-
ried with the plaintiff prior to the date and execution of the lease
from her and the plaintiff to Charles W. Watkins, and that she died
on the fifth day of July, 1840.

The defendant then offered to show that he did not take possession
of the premises, and that Charles W. Watkins continued in posses-
sion thereof until after the decease of the said Rebecca ; to the ad-
mission of which the plaintiff objected,—and it was excluded by the
court.

The defendant also offered in evidence the deposition of Charles
W. Watkins, in which he testified that he only intended, by the
quitclaim deed of Feb. 8, 1840, to convey to the defendant the re-
versionary interest, which he, the said Charles, had in the premises
demised by said lease,—meaning, as he expressed it, his right of the
property after the decease of the said Rebecca. To the admission

Pingry *v.* Watkins.

of this deposition the plaintiff objected, and it was excluded by the court.

The defendant requested the count to charge the jury, that, unless they found that the defendant took possession of the premises, he was entitled to a verdict on the first court, and that the deed from Charles W. Watkins to the defendant did not convey to the defendant the leasehold interest of said Charles in the premises.

But the court instructed the jury that the quitclaim deed did convey to the defendant the leasehold interest of Charles W. Watkins in the premises, and that the defendant was liable for the rent, which became due the first day of April, 1840, whether he in fact had the possession, or whether the said Charles continued to occupy there.

The jury returned a verdict for the plaintiff. Exceptions by defendant.

*D. Kellogg* and *N. Richardson* for defendant.

1. The County Court erred in rejecting the testimony offered by the defendants, tending to show that he did not take possession of the premises; and also in refusing to instruct the jury, that, unless they found the fact that the defendant did take such possession, he was entitled to a verdict upon the first count in the plaintiff's declaration. It was alleged in the first count of the declaration that the defendant entered upon and took possession of the premises, which were assigned to him, upon which allegation issue was joined by the pleadings. The testimony offered tended to prove the issue, and hence was admissible. If the parties formed an immaterial issue (which we do not admit,) it could not be corrected by excluding the testimony. Gould's Pl. 506, Sect. 28. 1 Chitty's Pl. 631, 632.

2. We insist that the deposition of Charles W. Watkins was admissible, as tending to show the construction which the parties gave to the quitclaim deed from Charles W. Watkins to the defendant. If there is any ambiguity in the deed, it is a latent ambiguity, which may be explained by parol. 2 Phil. Ev. 664. *Storer* v. *Freeman*, 6 Mass. 425. 6 Pick. 63.

*P. T. Washburn* for plaintiff.

I. The assignment of dower to the widow Rebecca Watkins

was referred to in the lease and made a part of that instrument, and was introduced, not in order to support the plaintiff's *title,* but, as made by the parties a part of the description, to identify and limit the premises.

II. The assignment to Elias Watkins the younger and the record of the division of his estate among his heirs were correctly admitted in evidence, to prove the points in reference to which they were offered. In consequence of there being three descriptive clauses in the deed from Charles W. Watkins to the defendant, and of the inartificial manner in which they were drawn, it became necessary to introduce extraneous evidence, not to sustain the *title,* but to explain the latent ambiguity in their language, to identify the premises contained in each clause, and, by showing their *situation,* to enable the court to give the proper construction to the descriptive words. For these purposes these instruments were correctly admitted in evidence, without showing them to have been recorded in the town clerk's office ;—for

1. By the Rev. St. c. 44, § 4, copies from the probate office are made "legal evidence in all courts of law and equity."

2. The statute of 1804, (Tol. St. 166, § 3,) cannot be construed as intended to exclude these instruments. In construing statutes we are to search for the *intent* of the legislature ; *Butler & Baker's Case,* 3 Co. 25. ROYCE, J., in *Fox* v. *Hatch,* 14 Vt. 340 ; a qualified construction may be given to general words: 2 Cov. & H. Dig. 1305, cites *Lyn* v. *Wyn,* Orl. Bridg. 147 ; and the *letter* may be enlarged or restrained, according to the true intent of the makers of the law. *Whitney* v. *Whitney,* 14 Mass. 92. In the preceding section of this very statute we find the required clue to the *intention* of the legislature. After providing that wills, devising real estate shall be recorded in the town clerk's office, it enacts that " copies from such office shall be *legal evidence* of the *title* so devised, &c. When, therefore, the next section enacts that papers not so recorded shall not be "*allowed in evidence,*" it must be treated as a continuation of the preceding section, and as meaning that they shall not be allowed as *evidence of the title.*

But the intention of the legislature may be ascertained by resorting to *other statutes* relating to the same subject. *Commonwealth* v. *Martin,* 17 Mass. 362. The *general system of legislation* upon the

subject matter may be taken into view, to aid in the construction of any one statute relating to the same subject. *Holbrook* v. *Holbrook et al.*, 1 Pick. 254. An examination of the statutes of this State, in reference to the object and validity of town clerk's records, will show that object to be merely to give to third persons notice of the *titles* affecting real estate. The statute of 1797, (Sl. St. 210, § 3,) relative to the levy of executions upon real estate, provides that the return of the levy shall be recorded in the town clerk's office, and that, being recorded, &c., it "shall make a good *title*" &c. The Revised Statutes (ch. 42, § 17) use the same words. .The statutes, which provide for recording deeds, (Sl. St. 167 ; Rev. St. c. 60, § 6,) provide also that such deeds "shall be good and effectual in law to *hold* such lands," &c., only as against the grantor, if not recorded. By Rev. St. c. 51, § 9, it is provided that the return of the committee to set off dower, " being recorded in the town clerk's office, the dower shall remain *fixed and certain.*" When the probate law was revised, in 1821, it was enacted that " all wills, assignments, &c., affecting the *title* to real estate, should be recorded in the town clerk's office." Slade's St. 351, § 86. This we consider a re-enactment of the statute of 1804, with the changes which the construction, perhaps, of courts, long practice, and analogous legislative enactments had sanctioned.

III. The deposition of Charles W. Watkins was properly excluded by the court, as being an attempt to explain by the parol testimony of the grantor in a deed his *intentions* in executing it.

IV. As assignee of the lessee the defendant was liable to pay the *whole rent* becoming due for the year ending April 1, 1840, notwithstanding he became assignee in the middle of the term. *Wood* v. *Partridge*, 11 Mass. 493. 2 Bac. Abr. 70. 1 Saund. Pl. & Ev. 391. *Kimpton* v. *Walker*, 9 Vt. 191. 6 Com. Dig. 212. *McMurphy* v. *Minot*, 4 N. H. Rep. 251. *Demarest* v. *Willard*, 8 Cow. 206. *Duppa* v. *Mayo*, 1 Saund. R. 287. Salk. 65. Co. Lit. 150 *a.*

The opinion of the court was delivered by

BENNETT, J. This case was before the Supreme Court, upon a bill of exceptions, in 1843, and most of the questions saved by this bill of exceptions were then disposed of, and are not open to farther

argument. The legal construction of the lease was then settled. See 15 Vt. 479.

It is now claimed in argument, that there was error in the county court, in rejecting the deposition of Charles W. Watkins, and that that was proper evidence to explain and give construction to the quitclaim deed from the deponent to the defendant. But there was no *latent* ambiguity, which calls for an explanation by parol; and, in a case like the present, the intention of the parties must be derived from the instrument itself. It is a principle of universal application, that, if there is an ambiguity on the face of a written instrument, it cannot be explained by parol. It has also been said, that it should have been admitted as proof upon the issue joined upon the plea to the first count in the declaration. It is to be remarked, that the defendant, in that plea, avers that the demised premises did not come to and vest in the defendant by the assignment thereof, and that he was not possessed thereof, as alleged in the declaration. Issue is joined upon the plea. The fact of the assignment of the leased premises from Charles W. Watkins to this defendant is the only material part of the issue, and that which the plaintiff was only called upon to prove, to entitle himself to a verdict. Clearly, then, it was not error for the court to exclude evidence on the part of the defendant relating solely to the possession. Had the possession been a material part of the issue, it would have been otherwise; and had the issue been wholly *immaterial*, by having been joined upon the fact of possession alone in the assignee, the defendant, on the trial of such issue, which the parties had seen fit to join, should probably have been entitled to any testimony, that was proper to disprove the issue.

We think the objection to the admission of the probate records, setting out the widow's dower in the estate of Elias Watkins, for the want of their being recorded in the town clerk's office, cannot avail. The object of their admission was simply for a reference to the description there given, and to give locality to the lands specified in the quitclaim deed from Charles W. Watkins to the defendant; and not for the purpose of making out title under the probate proceedings.

It was held, when this case was before us in 1843, that the de-

fendant acquired the whole leasehold estate, and that the plaintiff was entitled to recover the whole rent demanded.

This bill of exceptions presents no new questions, upon which the defendant can succeed in reversing the judgment of the County Court, and the judgment of that court is affirmed.