OVERMAN & BAXTER *v.* GEO. P. SANBORN & Co., *Trustees of* SMITH & RICHARDS.

*Assignee of lessee, to whom liable for rent.*

The assignee of a lease who agrees, with the lessee to pay to the lessor the rent for the remaining portion of the term which the lessee is bound to pay, will not be liable as the trustee of the lessee for the rent which becomes due from him, under this arrangement.

TRUSTEE PROCESS. The persons summoned as trustees disclosed that, on the 1st of April, 1852, the principal defendants leased or rented of one Sherman, for the term of one year, a set of rooms which they occupied as a druggist's store, at a rent $350 per year, payable quarterly;—that in August, 1852, the trustees purchased of the principal defendants their stock of drugs and medicines, upon the condition that the trustees should have the possession of said suit of rooms during the remainder of the term, and with an understanding with them that the trustees would pay to Sherman the same rent which the lessees were bound to pay; and that the

trustees did thereupon take and thereafter keep the possession of said rooms, and that none of the rent, which accrued between that time and the 1st of April, 1853, which amounted to $227,92, had been paid.

The county court decided that the trustees were not chargeable, to which the plaintiffs excepted.

*W. W. Peck & E. Harvey* for the plaintiffs.

Sherman was not a party to the contract between the trustees and defendants. The obligation of the latter for the future rent remained unaffected by it. It was merely an arrangement between the trustees and defendants, for the application of the rent accuuing in the hands of the former in satisfaction of that accruing against the latter, and left the funds under the control of defendants.

The case is, in principle, that of sub-letting, with a condition that the second lessee shall, during his term, pay his rent to the first lessor in satisfaction of that due him from first lessee — the first lessor being no party to the arrangement.

The fund, therefore, belonged to the defendants, and the trustees should have been charged. *Burt & Mason* v. *Hurlburt & Trustee,* 16 Vt. 292. *Seymour* v. *Cooper & Trustee,* 25 Vt. 141. *Camp* v. *Scott & Trustee,* 14 Vt. 387. *Marsh* v. *Davis,* 24 Vt. 363.

*Geo. F. Edmunds* for the trustees.

The trustees are not chargeable. Smith & Richards held the premises under a parol lease, by which they were the tenants of Sherman. Their contract with the trustees was an absolute disposition of the whole residue of the term, with its burden of rent. This was in law an assignment of the term, which imposed upon the trustees, by operation of law, an obligation to Sherman to pay the rent to him so long as they should occupy the premises or hold the term. *Kimpton* v. *Walker,* 9 Vt. 191. *Dartmouth College* v. *Clough,* 8 N. H. 22.

And it need not appear that there was a power of assignment expressed in the lease. *Spear* v. *Fuller,* 8 N. H. 174.

The trustees, then, being liable directly to Sherman for the rent, cannot be compelled to pay it to the creditor of the defendant.

Vilas & Platt *v.* Burton et als.

The opinion of the court was delivered by

BENNETT, J. Smith & Richards were the lessees of a store, under a verbal lease from Sherman at a given rent; and after Smith & Richards had occupied a part of the year, they sold out to G. P. Sanborn & Co. their stock in trade and the residue of their term, and by the agreement between them, Sanborn & Co. were to pay the accruing rent to the landlord, Sherman. The trustees in effect stepped into the shoes of Smith & Richards, and became the assignees of the term. No particular form of words are necessary to create an assignment of a term. The lease in this case was by parol, and the assignment might well be by parol.

The assignee of a term, so long as he occupies becomes directly liable to the landlord for rent, and this from privity of estate.

The trustees were properly discharged, and the judgment of the county court is affirmed.