[No. 5210.]

# S. J. NATHAN, ADMINISTRATOR, ETC., *v.* JOAQUIN KING.

ASSIGNMENT OF A CHOSE IN ACTION.—If a creditor assigns and delivers to a debtor, to satisfy a debt due the latter, a chose in action of greater value than the debt, and the assignment is made in good faith, and there is no fraud, the assignment vests in the assignee the right to receive for his own use the entire proceeds of the chose in action, as against the creditors of the assignor.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

This is the second appeal in this cause. The case is reported on the first appeal in 50 Cal. 132. After the remittitur went down, Jamison was removed as administrator, and the plaintiff became administrator, and was substituted as plaintiff. The complaint was then amended. By the amended complaint it was alleged that John King, just before his death, indorsed the following words on a life insurance policy of five thousand dollars:

"YANKEE JIM'S, September 5, 1870.

"I leave policy to my brother Joaquin King, to receive the benefit of the within."

It was then averred that it was the intention of King to make a donation in expectancy of death, of the policy, to his brother, and that he delivered the policy in pursuance of such intention. It was also averred that there was no consideration for the assignment. It was also alleged that the money due on the policy had been, by the company, paid into court, on the 21st day of March, 1872, and that John King, at the time of his death, was insolvent. The plaintiff asked for judgment for the sum deposited.

The other facts are stated in the opinion.

*McKune & Welty*, for the Appellant.

*H. O. Beatty*, for the Respondent.

The fact that John King was indebted to Joaquin, and that he expected, by this donation or transfer to cancel that

obligation, does not prevent the transaction from being a donation in expectancy of death. (See *Case* v. *Redding*, 13 Gray, Mass. 418; 3d Shipley, M. 429; *Bloomer* v. *Bloomer*, 2 Bradford; N. Y. R. 432.)

By the COURT:

The findings do not support the judgment. The principal issue in the case was whether the indorsement and delivery of the policy of insurance by John King to the defendant was a *donatio causa mortis*, or was intended and understood by the parties to be in payment and satisfaction of a debt justly due from the former to the latter. It was not alleged that there was any actual fraud in the transaction, and the court expressly finds there was none. It also finds that the " policy was assigned by a proper indorsement thereon, as set forth in the complaint, signed by John King, deceased, to defendant, and at the time of the assignment was delivered to defendant in payment of the debt due from John King, deceased, to defendant;" which debt the court finds amounted to $1,285, and was justly due. There was also a finding to the effect that the estate of John King proved to be insolvent to an amount exceeding the value of the policy, and that the assignment of the policy to the defendant, for a greater interest than was sufficient to pay the debt due to him " was a legal fraud as against the other creditors." The judgment was that out of the proceeds of the policy there be paid to the defendant the amount found to be due to him, and that the remainder be paid to the plaintiff as administrator of John King, deceased. From this judgment the defendant appeals. It is clear that the assignment and delivery of the policy to the defendant having been made in good faith, to satisfy a debt then justly due to him, vested in him an absolute right to receive for his own use the entire proceeds of the policy when collected.

Judgment reversed and cause remanded, with an order to the court below to enter a judgment for the defendant, awarding to him the entire proceeds of the policy.

Remittitur forthwith.