ELLSWORTH P. SHERMAN, executor, *vs.* EDWARD M. SHERMAN & another.

Middlesex.    December 6, 1906. — January 1, 1907.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Will.    Evidence.*

At the trial of a probate appeal, upon the issue whether the instrument offered as a will was procured by the undue influence of the son of the testator, the contestants called the son as a witness and examined him at length as to his relations with the testator. During his cross-examination, after several objections to questions propounded by counsel, the presiding justice put the following question : " Now, in reference to the subject of influencing your father, or those things which might naturally tend to influence your father about the making of the will, did you say or do anything with a view to such influence ? " The witness answered, " No, sir." The contestants excepted to the question. *Held,* that the intent of the witness was relevant and competent, and that the question was a proper one.

APPEAL from a decree of the Probate Court for the County of Middlesex allowing the will of George E. Sherman, late of Marlborough.

The case was tried in April, 1906, before *Knowlton,* C. J.. upon the issue for the jury : " Was the execution of said instrument (the will) by said George E. Sherman procured by the undue influence of Ellsworth P. Sherman ? " Ellsworth P.

Sherman was the son of the testator. He was called by the appellants and examined at length in regard to his relations with the testator. Thereafter, in the course of the cross-examination of this witness and after several objections to questions propounded by counsel, the Chief Justice put the following question : " Now, in reference to the subject of influencing your father, or those things which might naturally tend to influence your father about the making of the will, did you say or do anything with a view to such influence ? " The answer was " No, sir." An exception was taken by the appellants to this question. No exception was taken to any part of the charge. The jury answered the issue in the negative.

*J. J. Shaughnessy*, for the appellants.

*J. E. Cotter*, for the appellee, was not called upon.

Rugg, J. The only point raised by these exceptions is whether the question to the witness Sherman was competent. This inquiry called for information, which would directly aid the jury in finding the truth as to the issue submitted to them. It had no tendency to elicit an answer, which would invade the province or usurp the functions of the jury. It required a statement of fact and not a conclusion as to the matters in dispute. The jury were required to determine whether the execution of the will was " procured by the undue influence " of the witness. These words in their ordinary significance import the doing of acts with a definite intent. It is familiar law that a witness may testify, whenever it is relevant, as to what his intent was. The question propounded by the court was in every respect unexceptionable.

*Exceptions overruled.*