## J. E. Arnold v. Ed A. Johnson et al.

Decided April 16, 1910.

### 1.—Agency—Testimony—Conclusion of Witness—Hearsay.

The issue being whether or not the vendor of land accepted as part of the consideration therefor a worthless promissory note of a third party after investigating the value of the same, and so acted upon his own judgment, or

whether he was induced to accept the note by the representations of the payee therein and the owner thereof, he being the purchaser of the land, that the note was worth its face value, proffered testimony as to the statements of the agents who conducted the transaction, considered, and held subject to the objections that said statements were hearsay and conclusions of the agents.

**2.—Appeal—Measure of Damage—Agreement.**

When the record contains an agreement that the charge of the court gave the proper measure of damage in the case, appellant can not complain on appeal of the charge of the court in that respect.

Appeal from the District Court of Taylor County. Tried below before Hon. Thos. L. Blanton.

*J. M. Wagstaff,* for appellant.

*D. M. Oldham, Jr.,* and *Hardwicke & Hardwicke,* for appellees.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee, Ed A. Johnson, to rescind a sale of the Johnson homestead to appellant because of certain alleged fraudulent representations and consequent failure of consideration, but the suit later resolved itself into an effort on appellee's part to recover the sum of eight hundred and thirty-nine dollars on account of the want of value in a note for that sum executed by one Kohen and transferred by appellant to appellee as part of the consideration of the purchase stated. The plaintiffs alleged fraudulent representations as to the value of the note, averring that they relied on the same and took the note without investigation and that it was worthless. Appellant, who was defendant below, answered by a general denial and, specially, that plaintiffs took the note without guaranty, relying upon their own investigation and judgment. The trial resulted in a judgment in appellees' favor for the full sum of eight hundred and thirty-nine dollars, with interest thereon at the rate of six percent per annum from the date of appellant's purchase.

On this appeal appellant only complains of the exclusion of certain testimony and of one clause of the court's charge. He insists that he should have been accorded the privilege of testifying that during the negotiations and prior to the purchase he stated to Beasley and McCoy, who were the brokers who procured appellant as a purchaser, that "he had good reason to believe that the eight hundred and thirty-nine dollar note was all right and that it was a lien on a piece of land in Cooke County, Texas, and he understood that land in that county was worth from thirty-five to fifty dollars per acre and sometimes as high as seventy dollars per acre, and that they asked him if he would guarantee the note and that he told them that he would not, and that he had never seen the property, and that he had been offered eight hundred dollars for the note by J. L. Blewett, and that they could take the matter up and thoroughly investigate it themselves and if they came to a trade he would trade with them, and that after Johnson had investigated the note, if he would take it without endorsement, he was ready to make the trade."

Vol. LX Civil—24.

He also excepts to the exclusion of McCoy's testimony to the effect that "he was representing plaintiff;" and to the court's refusal to permit appellant to testify that Beasley and McCoy stated to him that they had written to Blewett and others inquiring of the value of the note.

The statement of McCoy, in the sense appellant seeks to impute to it, was a mere conclusion, and we think it quite clear that the other testimony as to appellee was hearsay. Beasley and McCoy were but brokers; it can not be pretended that they had authority to make the sale or to agree to accept as part of the consideration the Kohen note. Besides, appellant was permitted to testify that he, himself, told appellee of the matters to the exclusion of which he complains. The real estate brokers Beasley and McCoy were also permitted to testify to the facts relating to their employment and to repeat what appellant stated to them about the note substantially as shown by the declarations above stated.

It is objected that the charge on the measure of damages was erroneous in that the jury were instructed in event of a finding for the plaintiff to assess his damages in the sum of eight hundred and thirty-nine dollars, the face value of the note. The insistence is that plaintiffs were only entitled to recover the difference in the face of the note and its actual value and that "there was no testimony in the record that the note was absolutely worthless." While appellant testified that he had been offered eight hundred dollars for the note there was other evidence, which we will not undertake to recite, which shows almost conclusively that the note was wholly worthless. Besides, we find in the record an agreement which recites, among other things, "that the measure of damages as instructed in the court's charge is the proper measure of damages in this case."

We conclude that the evidence fully supports the material allegations of appellees' petition on the issue upon which the case went to trial, and that no reversible error has been shown. The judgment is accordingly affirmed.

*Affirmed.*

Writ of error refused.