ALBERT L. GORDON *vs.* FIRST UNIVERSALIST SOCIETY OF MARLBOROUGH.

Middlesex. November 18, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Evidence,* Competency, Of intent. *Practice, Civil,* Exceptions, Conduct of trial: judge's charge.

At the trial of an action of contract by a real estate broker against a religious corporation for a commission for procuring a lease of property of the defendant, a material issue was, whether the plaintiff in procuring the lease had been acting as the lessee's representative or under an agreement with the defendant whereby the defendant should pay his commission. The defendant in the negotiations had acted through a special committee. There was no record of a vote of the committee in regard to any contract with the plaintiff as to his employment or compensation. The secretary of the committee testified that he had reported to the committee the substance of all his communications and correspondence with the plaintiff. Each member of the committee, subject to exceptions by the plaintiff, was asked in direct examination: "Were all your acts and dealings as a member of this committee with the understanding that you were dealing with the" lessee "as far as it was through" the plaintiff "as agent of the" lessee, and answered in the affirmative. The bill of exceptions stated, "The jury, under instructions . . . to which no exceptions were taken, . . . found for the defendant." *Held,* that the exceptions must be overruled because it was permissible for the members of the committee to testify that from the plaintiff's representations they reasonably understood that they were dealing only with the lessee's representative and were not proceeding under any agreement to pay compensation to the plaintiff; and, from the statement in the bill of exceptions, it must be presumed that the proper application of the evidence was explained fully to the jury.

CONTRACT upon an account annexed for a commission for procuring the leasing of two stores in the church building on

Main Street in Marlborough belonging to the defendant, a religious corporation, to the Woolworth Company, a business corporation. Writ dated September 30, 1911.

In the Superior Court the case was tried before *Keating,* J. It appeared that, in the negotiations as to the lease, the defendant, which is a religious corporation organized under St. 1823, c. 96, had acted through a special committee appointed at a parish meeting. There was no evidence that a vote was taken at any meeting of the parish or of the committee authorizing the hiring or employment of the plaintiff. The secretary of the committee testified that he reported to the special committee the substance of all conversations with the plaintiff and submitted to the committee the letters received from him. On direct examination by the defendant's attorney, each member of the committee, subject to an exception by the plaintiff, was asked: "Q. Were all your acts and dealings as a member of this committee with the understanding that you were dealing with the Woolworth Company as far as it was through Mr. Gordon [the plaintiff] as agent of the Woolworth Company?" The answer of the witness in each instance was "Yes."

The bill of exceptions stated: "The jury, under instructions by the court to which no exceptions were taken by the plaintiff, and the plaintiff stating that the court had given all of his requests, found for the defendant." The plaintiff alleged exceptions to the admission of the evidence described above.

Other facts are stated in the opinion.

*C. R. Darling,* for the plaintiff.

*W. Temple,* for the defendant.

BRALEY, J. Independently of the admissibility of the evidence to which exceptions were taken, it is clear that the proposition to lease the defendant's stores came from the plaintiff, a real estate broker, who upon the evidence of the chairman and members of the special committee authorized by the society to act in its behalf, as well as on the testimony of disinterested witnesses, was abundantly shown to have been the representative of the Woolworth Company, the proposed lessee. If nothing further appeared, the lease to the company of the property for a long term at a rental satisfactory to the defendant would not have entitled the plaintiff to a commission from the society. But the

plaintiff testified, that at an interview with the chairman of the committee he inquired whether the society would like to have him lease its stores, and the chairman, although giving his personal assent, replied that the committee would have to be consulted. The jury could find that not only did this conversation take place, but also that at later interviews, while negotiations were pending, the plaintiff informed the chairman that he was acting only as a broker. It was his business, the plaintiff said, to get the parties together; "I am working for you, the longer the lease, the more commission for me." The full committee were informed by the chairman of what was taking place, and, this testimony having been supplemented by the evidence of a divisional superintendent of the company that the plaintiff was not in its employ, left the plaintiff with the right to go to the jury on the question, whether there was not an implied agreement that the defendant should pay a commission if they found that through his agency it had been enabled to lease the premises. *Cohen* v. *Ames*, 205 Mass. 186. *Goodnough* v. *Kinney*, 205 Mass. 203. It was a question of fact, manifestly depending on the credibility of witnesses, and members of the special committee in support of their side of the controversy could not state their conclusions as to the legal effect of the relations of the committee, and hence of the society with the plaintiff. Their undisclosed purpose or intention could not bind him. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 197. But the question put to each member in direct examination, to which the plaintiff excepted, is not open to this objection. It was material for the defendant to show, and therefore competent for the members of the committee to testify, that from his representations they reasonably understood they were dealing only with the company's representative, and were not proceeding under any agreement or arrangement whereby the plaintiff was to receive compensation from the defendant. *Short Mountain Coal Co.* v. *Hardy*, 114 Mass. 197, 205. *Sherman* v. *Sherman*, 193 Mass. 400. *Marcy* v. *Shelburne Falls & Colrain Street Railway*, 210 Mass. 197. It is stated in the record, that full instructions were given to which no exceptions were taken, and the presumption is, that the judge correctly and fully explained to the jury the proper application of this evidence.

*Exceptions overruled.*