WALTER K. BARROWS *v.* ROBERT E. WILSON.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed June 5, 1923.

*Attorney and Client—Authority of Attorney to Make Defense—When Attorney's Acts Regarded as Acts of His Client—New Trial—Mistake of Law.*

1. An attorney employed to defend an action is authorized to take such steps therein as he deems legal, proper, and necessary, and his acts in that respect, negligent or otherwise, in the absence of fraud, are regarded as the acts of his client.
2. The failure of an attorney to take exception to a finding of fact because he misjudged it to be a conclusion of law is unavailing as the basis of a petition for a new trial.

PETITION for a new trial under G. L. 2296, brought to the Supreme Court for Rutland County at its May Term, 1923, and there heard on the pleadings and depositions in support of the petition. The opinion states the case. *Petition dismissed.*

*Max L. Powell* for the petitioner.

A mistake of law may, under certain circumstances, constitute grounds for a new trial as well as a mistake of fact. *Webb* v. *State of Vermont,* 90 Vt. 65; Note to *O'Brien* v. *Leach,* 96 A. S. R. at p. 108; *Douglas* v. *Todd,* 96 Cal. 655, 31 A. S. R. 247; *Baxter* v. *Chute,* 50 Minn. 164, 36 A. S. R. 633.

*Jones & Jones* and *Walter S. Fenton* for the petitionees.

Want of diligence on the part of the petitoner or his counsel affecting the grounds of a new trial will defeat the petition: *Webb* v. *State of Vermont,* 90 Vt. 65; *Hotel Vermont Co.* v. *Moore's Estate,* 90 Vt. 33.

WATSON, C. J.  In the trial of the original case of *Wilson* v. *Barrows* in the county court, one of the primary questions was whether the claimant Wilson, when injured, was acting as an employee of defendant Barrows.  This was a question of fact. *Brown* v. *Bristol Last Block Co.,* 94 Vt. 123, 108 Atl. 922.  Thereon the court found as follows: ''From a consideration of all the evidence we are of the opinion and therefore find that the claimant at the time of his injury was an employee of defendant Barrows and not an independent contractor.''  No exception was taken to this finding, and the judgment for the claimant was affirmed by this Court.  The defendant alleges in his petition for a new trial, in substance that he did not except to the finding quoted for the reason that, through misjudgment, his attorney considered it a conclusion of law and subject to revision on exception to the judgment, without any exception to the finding itself.  Solely because the attorney, acting on such alleged misjudgment, failed to take exception, a new trial is now sought.

[1]  By his employment the attorney was authorized to take such steps in defending the action as he might deem legal, proper, and necessary; and his acts in that respect, negligent or otherwise, in the absence of fraud, must be regarded as the acts of his client.  *Babcock* v. *Brown,* 25 Vt. 550, 60 A. D. 290.

[2]  The attorney must have known that as to whether the plaintiff was an employee of the defendant at the time of his injury was a question of fact to be determined upon the evidence, and when the court stated its finding in this respect, it did so in language too plain to leave room for reasonable doubt as to what the finding was, or as to its being one of fact.  The attorney knew of the finding, and if he wished to take exception thereto he had ample time and opportunity to do so.  His neglect to save such exception because he misjudged the nature of the finding is unavailing.  The case of *Morgan* v. *Houston,* 25 Vt. 570, is much in point.  There, one ground of surprise, on the

part of the petitioners, was that the court ruled the law differently from what they expected, and that the ruling was affirmed by this Court. The court said this could never be the basis of a petition for a new trial; that it was a surprise which every day overtakes everybody concerned in the administration of civil justice; and that human opinion infinitely varies, and always will. Nor is the present case materially different from that of *Halloran* v. *New England Tel. & Tel. Co.*, 95 Vt. 285, 115 Atl. 143. In the original of that case the particular defense was omitted because of counsel's misapprehension of the law; and it was urged on the petition for a new trial that the unsettled and uncertain condition of the law in the respect named afforded a sufficient excuse for such omission. But it appeared that the petitioner had previously made the same point or points in defense of another proceeding, and consequently was under no misapprehension concerning it; and it was held that the latter's failure to communicate the same to its counsel, thereby enabling the latter to raise the questions at the trial, was such negligence as defeated the relief sought, the Court saying that any negligence or other default on the part of the petitioner or his counsel works such defeat.

*Petition dismissed with costs.*