BILTMORE LAND CO. *v.* ESTATE OF MUNRO.

1. VENDOR AND PURCHASER—CONSENT TO ASSIGNMENT—SECURITY FOR LOAN BY ASSIGNEE TO VENDEE.

Vendor under land contracts, whose agent consented to vendee's assignments of his interest to assignee, *held,* not entitled to claim against estate of assignee for balance due on contracts notwithstanding language of assignment whereby assignee assumed vendee's obligations under the contract where vendor's agent knew assignment was made to secure loans by assignee to vendee and not for purpose of purchasing latter's interests and vendor's consent to the assignments was given merely to comply with the requirements of the contract and it thereafter accepted payments from vendee and later from assignee whose loan to vendee was thereby increased.

2. CONTRACTS—CONSTRUCTION—INTENT.
    A contract is to be read in the light of the circumstances attending its execution and should be construed to effectuate the intent of the parties when it was made.

3. SAME—INTENT—SURROUNDING CIRCUMSTANCES TO BE CONSIDERED.
    To ascertain the intent of the parties a contract should be construed in the light of the circumstances existing at the time it was made.

4. SAME—INTENT—INTERPRETATION OF PROMISE.
    A promise must be interpreted in the sense in which the promisor knew, or had reason to know, that the promisee understood it.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 17, 1935. (Docket No. 106, Calendar No. 38,206.) Decided April 8, 1935.

Biltmore Land Company presented its claim in probate court against the Estate of Alexander Munro, deceased. From denial of claim by commissioners on claims, plaintiff appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Rich & Willis,* for defendant.

NELSON SHARPE, J. On November 10, 1927, Henry F. Dubbs was the owner of the vendee's interest in land contracts for the purchase of lots 73 and 74, Golf Club Addition to the city of Detroit, in both of which the plaintiff was the vendor. On that day Dubbs borrowed $2,750 from Alexander Munro, giving him his promissory note therefor, which contained an assignment of the vendee's interest in the contracts. Each of the contracts contained a provi-

sion that it "may be assigned only after consent of said first party in writing has been indorsed thereon." To secure such consent, Dubbs and Munro took the contracts to the office of the Hannan Real Estate Exchange, the agents of the plaintiff, and assignments were then executed by Dubbs and accepted by Munro and the consent of the plaintiff, by its agents, indorsed thereon. In his acceptances Munro agreed that, in consideration of the consent, he would "assume, perform and carry out" the obligations of Dubbs as stated therein.

On March 28, 1928, Munro loaned Dubbs an additional $1,500, and, as security for the payment thereof, a similar promissory note, assignment of the vendee's interest in lot No. 80 in the same addition, of which the plaintiff was vendor, an acceptance by Munro and consent by the plaintiff, by its agents, were executed.

Dubbs continued to make payments on all three contracts until July, 1929. Munro made payments for some time thereafter, Dubbs giving him notes or receipts therefor, thus increasing his indebtedness.

Mr. Munro passed away. The date of his death does not appear in the record. On November 22, 1933, the plaintiff presented a claim against his estate for the amounts then due on these contracts, amounting with interest to the sum of $6,684.96. It was disallowed by the commissioners on claims, and on appeal to the circuit court was tried without a jury and again disallowed, from which the plaintiff has taken this appeal.

There is no dispute about the fact that the assignments to Munro were made for security only, and, were it not for the consents thereto executed by the vendor, the plaintiff would have no valid claim

against the estate of the assignee. *Krueger* v. *Campbell,* 264 Mich. 449.

Counsel for the plaintiff rely on our holding in *Sloman* v. *Cutler,* 258 Mich. 372. In that case the defendant, Cutler, purchased the vendee's interest in a land contract. It was duly assigned to him, and by a writing indorsed thereon he agreed to assume, perform and carry out the conditions and obligations of the vendee therein. The consent of the vendor was necessary to make the assignment effective. Under these circumstances, the court said (p. 376):

"Plaintiffs here, vendors, were not required by law to consent to the assignment, the restriction was valid as against them, and consent is consideration for defendant's acceptance of assignment and assumption of performance of contract."

The distinction is apparent. Dubbs testified that when the instruments were executed he told the secretary of the Hannan Real Estate Exchange that he was borrowing the money from the deceased and that, to secure him, he (Dubbs) signed the papers they asked him to sign, and that notices of payments due and threats of foreclosure were thereafter sent to him. No testimony was submitted by the plaintiff relative to the several transactions.

Dubbs had assigned his interest in the several contracts to Munro in the promissory notes which he had executed and delivered to him. The plaintiff, through its agents, well knew the purpose of the assignments at the time they were made. The assignee was not purchasing the interest of the vendee in the contracts. He was loaning him money and accepting the assignments as security therefor. The blank forms of assignments and acceptances were

filled out and signed for security only, and without intent to pass the interest of the vendee to the assignee, and the plaintiff as vendor, with full knowledge of the purpose sought to be accomplished, expressed its consent thereto merely to comply with the requirements of the contracts.

The rules of law applicable thereto have been many times stated by this court.

"The contract is to be read in the light of the circumstances attending its execution. It should be construed so as to effectuate the intent of the parties when it was made." *Whitman* v. *Whitman,* 207 Mich. 337, 348.

"To ascertain the intent of the parties a contract should be construed in the light of the circumstances existing at the time it was made." *Kellogg* v. *Kellogg Toasted Corn Flake Co.,* 212 Mich. 95, 114.

"The promise must be interpreted in the sense in which the promisee knew or had reason to know that the promisor understood it." *Tallcot* v. *Arnold,* 61 N. Y. 616, quoted with approval in *Ardis* v. *Railway Co.,* 200 Mich. 400, 414.

It seems clear that no personal liability attached to Mr. Munro on account of his acceptances. The judgment is affirmed.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.