F. J. DIETER *v.* H. W. SCOTT.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.
Opinion on motion for remand and new trial filed November 7, 1939.

*H. C. Shurtleff* for the plaintiff.

*Finn & Monti* for the defendant.

MOULTON, C. J. In this action the plaintiff seeks to recover rent claimed to be due from the defendant under certain leases covering a business block in the city of Montpelier. Judgment was for the defendant and the cause is here upon the plaintiff's exceptions to the findings of fact and to the judgment.

The premises were leased by the plaintiff to George B. Littlefield, and his heirs, executors, administrators and assigns, by three conveyances, under seal, one dated October 9, 1926, and the other two June 18, 1927, each of the three being for a different part of the building, but together covering all of it. They all expired on October 21, 1936. Each lease was expressed as "yielding and paying" a certain annual rent, by monthly installments, and contained a provision that Littlefield should not "lease or assign the said premises to any person except to a person to occupy the premises with said George B. Littlefield without the consent of" the plaintiff. The findings state that on March 24, 1928, Littlefield assigned the three leases to the defendant, as collateral security for an indebtedness to the latter of $26,000, but that it did not appear that the plaintiff consented to the assignments, or whether the assignments were in writing and recorded. On November 30, 1929, Littlefield moved away, and, so far as appears, has not since been heard from, and his whereabouts is un-

known. On the day of Littlefield's departure the defendant took possession of the premises and paid to the plaintiff the rent then in arrears amounting to $866. Thereafter he sublet parts of the building, paid for repairs, and from the rents collected from the subtenants paid to the plaintiff the rents due under the leases to August 31, 1936, leaving at the end of the terms an unpaid balance of $308.33, which is the amount claimed in this action. The rents received, after deducting the cost of repairs and the payments to the plaintiff, were applied by the defendant upon Littlefield's indebtedness to him, and for his services. The indebtedness exceeded the sum thus received by the defendant, and, it is fairly inferable, any sum that he could have received, even if no deductions had been made. During all this time the defendant had no communication with Littlefield and no conversation or personal negotiation with the plaintiff concerning the leases, the assignment or the rents. The court found that the defendant has accounted to Littlefield for the monies received, and that in taking possession of the premises, paying for repairs, subletting and paying the rent to the plaintiff, the defendant acted as agent for Littlefield, and therefore held him not liable for the unpaid balance. It is to this finding that the plaintiff has excepted. The defendant criticizes the exception thereto as being indefinite, but we consider that it is sufficiently explicit to present the issue.

The defendant testified that he acted as agent for Littlefield, and that the leases were assigned to him as collateral security "with full power of attorney"; but whether this power of attorney was in writing or not did not appear, and nothing further was said about it. Where it is claimed that an agency has been created by parol, the agent is a competent witness to prove his agency and its scope. *Northeastern Nash Automobile Co.* v. *Bartlett,* 100 Vt. 246, 252, 136 Atl. 697; *Hendrickson* v. *International Harvester Co.,* 100 Vt. 161, 166, 135 Atl. 702. But he must testify to facts, and not opinions or conclusions. *Hendrickson* v. *International Harvester Co., supra,* 167. In *Young* v. *Newark Fire Ins. Co.,* 59 Conn. 41, 22 Atl. 32, 33, the testimony of a witness that he acted as agent for certain insurance companies in placing the policies in issue, was held to be "a question of law, depending upon the facts in the case and * * * to state no facts, but only the conclusion of the witness." In *Schagrin* v. *Schagrin,* 5 Boyce 318, 28 Del. 318, 92 Atl. 862, 864, a question whether the

plaintiff's wife had authority to enter into a certain transaction with the defendant was held to call for a conclusion of law. In *Commercial Standard Ins. Co.* v. *Rinn*, 100 Colo. 76, 65 Pac. (2d) 705, 707, it was held that testimony that one was agent for the defendant did not establish such agency, but was a mere conclusion. Other decisions to the same effect are: *Farrell* v. *United States*, (8th Cir.) 110 Fed. 942, 943, 944; *McCluskey* v. *Minck*, 42 N. Y. S. 462, 463; *Cameron* v. *Ayres*, 175 Cal. 662, 166 Pac. 801, 802; *Watkins Medical Co.* v. *Holloway*, (Mo. App.) 181 S. W. 602, 604; *McCornick* v. *Queen of Sheba Gold Mining, etc., Co.*, 23 Utah, 71, 63 Pac. 820, 822; *Goddard & Sons* v. *Garner*, 109 Ala. 98, 19 So. 513, 514; *Arnold* v. *Johnson*, 60 Tex. Civ. App. 368, 128 S. W. 1186; *Maurer* v. *Medway*, 25 Neb. 575, 41 N. W. 395, 396; *Larson* v. *Lombard Investment Co.*, 51 Minn. 141, 53 N. W. 179, 181; *Chaplin* v. *Mutual Cash Guaranty Fire Ins. Co.*, 26 S. D. 632, 129 N. W. 238, 240, 241; *Decker* v. *Lightfoot*, 44 App. D. C. 45, 48.

It is clear, therefore, that the testimony of the defendant must be regarded as his conclusion, based upon the facts of the case. Although inadmissible, it was for consideration by the trial court, since it came in without objection. *Streeter's Dependents* v. *Hunter*, 93 Vt. 483, 484, 108 Atl. 394; *Pocket* v. *Almon*, 90 Vt. 10, 14, 96 Atl. 421; *Taplin & Rowell* v. *Harris*, 88 Vt. 15, 21, 90 Atl. 956. But it cannot be given more than its legitimate probative effect; and where the conclusion is not the legal result of the facts upon which it is based, it does not afford justification for a finding. The finding of the trial court based thereon is only a conclusion as to the legal effect of the relationship between the defendant and Littlefield. See *Gordon* v. *First Universalist Soc.*, 217 Mass. 30, 104 N. E. 448, 450. If it is inconsistent with the other findings which state the facts showing such relationship, it is to be disregarded. *Greenwood* v. *Lamson*, 106 Vt. 37, 42, 168 Atl. 915; *Smith* v. *Vermont Marble Co.*, 99 Vt. 384, 396, 133 Atl. 355; *Trask* v. *Karrick*, 94 Vt. 70, 74, 108 Atl. 846; *Bomhower* v. *Smith*, 110 Vt. 290, 5 Atl. (2d) 925, 926. The circumstances under which the defendant came into possession of the leasehold premises thus become controlling upon the question of the capacity in which he acted. See *Traveller's Ins. Co.* v. *Gebo*, 106 Vt. 155, 164, 170 Atl. 917.

It is found that possession was taken under an assign-

ment as collateral security; and an assignment of this nature, being a pledge, vests in the assignee only a special property, the general property remaining in the assignor. *White River Savings Bank* v. *Capital Savings Bank & Trust Co.*, 77 Vt. 123, 128, 59 Atl. 197, 107 A. S. R. 754; *Island Pond National Bank* v. *Lacroix*, 104 Vt. 282, 295, 158 Atl. 684, and cases cited. The pledgee is, of course, entitled to possession, but he does not, by virtue of the transaction, become liable for the pledgor's obligations with respect to the thing pledged—that is to say, in this instance, the defendant merely as pledgee of the leases would not be liable to the plaintiff for the stipulated rent. *Biltmore Land Co.* v. *Munro's Est.*, 271 Mich. 125, 260 N. W. 135, 136; *Krueger v. Campbell*, 264 Mich. 449, 250 N. W. 285, 286; *Treadway* v. *Western Cotton Oil, etc., Co.*, 40 Ariz. 125, 10 Pac. (2d) 371, 375; and see *Smith* v. *Morin Bros.*, 233 App. Div. 562, 253 N. Y. S. 368, 370. Indeed, as Professor Williston says (2 Williston on Contracts, rev. ed. p. 1203) ''This fact (assignment of a bilateral contract as collateral security) is enough to show a positive intention not to assume the burdens of the contract.'' So there is nothing inconsistent in an assignment for collateral security and an agency on the part of the assignee for the assignor.

██ ██ But an assignment stated to be by way of collateral security is not necessarily prevented from being absolute. Its intrinsic character is the determinative factor. *Todd* v. *Meding,* 56 N. J. Eq. 83, 38 Atl. 349, 352; *Killmer* v. *Nelson,* 196 Minn. 420, 265 N. W. 293, 294, 295; *Hughes* v. *Pump House Hotel Co.,* (1902) 2 K. B. 190, 194; *Russell and Co.* v. *Austin Fryers* (1909) 25 Times Law Reps. 414, 415; *Burlinson* v. *Hall,* 12 Q. B. D., 347, 349, 350. Where the debt for which a contract is assigned as security exceeds the sums that can be realized during the life of the contract, and the creditor is given authority to collect such sums and apply them upon the diminution of his just demand, the assignment must be treated as absolute. *Brindze* v. *Atlantic City Policemen's Beneficial Association,* 75 N. J. Eq. 405, 72 Atl. 435, 437, aff. 77 N. J. Eq. 272, 79 Atl. 686; *Todd* v. *Meding, supra.*

██ Such appears to be the case here. The character of the transaction between Littlefield and the defendant was such that the entire interest in the term passed to the latter. Nothing was left to be returned to the former after all the income during the

existence of the leases had been collected and credited. Intrinsically then, the matter stands as if the assignment were in satisfaction, or part satisfaction, of the debt, passing title to the assignee. See *Nathan, Admr.* v. *King*, 51 Cal. 521, 522.

The lease was assignable, by its terms; as it would have been even if the word "assigns" had not been employed therein. *Cooney* v. *Hayes*, 40 Vt. 478, 482, 94 A. D. 425; *Rickard* v. *Dana*, 74 Vt. 74, 77, 52. Atl. 113. The only qualification of the right to assign was the necessity of obtaining the consent of the lessor, and this provision, being for the lessor's benefit, may be waived by him, and "if he does not choose to set it up, no one else can." *Sexton* v. *Chicago Storage Co.*, 129 Ill. 318, 21 N. E. 920, 923, 16 A. S. R. 274; *Chicago Attachment Co.* v. *Davis Sewing Machine Co.* (Ill.) 25 N. E. 669, 671; *Meyer Bros. Assignee* v. *Gaertner*, 106 Ky. 481, 50 S. W. 971, 45 L. R. A. 513, 515; and see cases cited in note, 36 L. R. A. (N. S.) 488, 489. There is no specific finding that the plaintiff had knowledge of the assignment during the term of the leases. Indeed it may be otherwise inferred from the facts that Littlefield had disappeared and that the defendant and the plaintiff had no conversation or personal negotiations respecting the leases, assignments and rents. But having given the plaintiff no notice of the situation it would not rest with the defendent to say that because the plaintiff did not then know that the lease had been assigned there could thereafter be no waiver of the prohibition of assignment without consent. The circumstance remains that the plaintiff, after the expiration of the term, brought this suit to recover the unpaid balance which had accrued during the defendant's occupancy. It is a necessary inference that when this was done the plaintiff had been informed of the assignment and it is, therefore, to be interpreted as an affirmance thereof. See *Clark* v. *Jones*, 1 Denio, 516, 43 A. D. 706, 707, 708.

Again, there is no finding that the assignment was in the form prescribed by P. L. 2599. But its invalidity for this reason cannot be invoked on behalf of the assignee to avoid liability thereunder. *Holton, Admr.* v. *Hassam*, 94 Vt. 324, 329, 330, 111 Atl. 389; *Sanders* v. *Partridge*, 108 Mass. 556, 558, 559.

The finding that the defendant has accounted to Littlefield for the net rents received from the subtenants clearly means nothing more, in view of the finding that there had been no com-

munication between them, than that such rents were credited by the former against the indebtedness of the latter.

The language of the leases ("yielding and paying" the stipulated rent) expresses an implied covenant running with the land; and the defendant, as assignee, is liable thereon, on the ground of privity of estate. *Kimpton* v. *Walker,* 9 Vt. 191, 198, 199. He was in possession of the leasehold *(Overman & Baxter* v. *Sanborn & Co.,* 27 Vt. 54, 56; *Congregational Society* v. *Rix,* decided in 1889, but not officially reported, 17 Atl. 719) and, moreover, had the right to possession. *University of Vermont* v. *Joslyn,* 21 Vt. 52, 65; *Pingry* v. *Watkins,* 17 Vt. 379, 386; and see annotation, 52 L. R. A. (N. S.) 981.

The plaintiff's exceptions are sustained.

*Judgment reversed, and judgment for the plaintiff to recover the sum of $308.83, with interest from October 21, 1936, and costs.*

## On Motion for Remand and New Trial.

Moulton, C. J. After the announcement of the foregoing decision the defendant has seasonably moved to strike off the judgment in favor of the plaintiff and to remand the cause so that a new trial may be had. The ground of the motion is that the defendant has evidence which, he alleges, will prove that he was in truth merely the agent for the lessee, and that the assignment of the leases was not absolute. This evidence was not introduced on trial because, as he says, he assumed that the fact of his agency was made to appear without dispute.

The basis of the contention, as set forth at length in the motion, includes the following documents: (1) A duly recorded assignment of 99/100 of the leases from George B. Littlefield to the Littlefield Piano Company, Inc., in consideration of the sum of $26,000 dated March 24, 1928; (2) An instrument, in form, and executed and recorded as, a mortgage of real estate, covering the leases, from George B. Littlefield and the Littlefield Piano Company, Inc., to the defendant, dated March 24, 1928, purporting to secure a promissory note of that date, signed by the grantors and payable to the order of the defendant on demand for the sum of $26,000. This instrument contains the following provision: "And in further consideration by these presents, we do give unto

the said H. William Scott irrevocably full power for us, and in our name or names by writing or by several writings to demise, grant and rent all of those stores, shops, and tenements described in the aforesaid leases as to the said H. William Scott shall seem meet, and confirm to such person or persons, and during such term of years so that said lease or leases do not extend beyond the 20th day of October, A. D. 1936, with such reservations of rents, convenants, grants, agreements, and conditions to be contained in the said several writings as to the said H. William Scott shall seem expedient and also in the name of said corporation and individual to seal and deliver such writing or writings as its lease or leases and covenants of the same for it and me in its and my name to accept and receive; and to collect, have and use all of the rents and income from said property for the purpose of paying the rent on said leases and applying the balance on the note above mentioned, and described * * * ''; (3) An assignment by the defendant to the People's National Bank of Barre, in consideration of $25,000, covering all the defendant's right, title and interest in the leases, ''excepting and reserving unto myself the power of attorney granted in said deed''; (4) Certain checks drawn in payment of the rents due under the leases, signed ''Littlefield Account, H. William Scott, Agent;'' (5) Certain receipts, signed by the attorney for the plaintiff, acknowledging payment of rent by George B. Littlefield.

The motion refers to the conveyance from George B. Littlefield and the Littlefield Piano Company, Inc., to the defendant as an assignment, and we so treat it. Clearly it could not operate as a mortgage of real estate, because the leases, being terms for years, were personal property; and, viewed as a mortgage of personal property, it was defective in that it did not contain the affidavit required by P. L. 2661. The motion states that although all the assignments were made on March 24, 1928, they ''were not acted upon or insisted upon by anyone until on or about the 30th day of November, 1929, over a year and a half after they were made.'' It is further alleged that the rentals which became due from the tenants during the remainder of the terms amounted to more than the debt of $26,000, to wit, $48,124, and that this fact, of which evidence is said to be available, indicates that the assignment was merely for collateral security, since the assignors retained an equity in the property assigned.

In substance and effect this is a motion for a new trial, and, considered as such, it is clear that it cannot be granted. The evidence now relied upon is in no sense newly discovered, since it was known to the defendant, and within his power to produce at the trial. *Capital Garage Co.* v. *Powell,* 97 Vt. 328, 330, 123 Atl. 200; *Willard* v. *Norcross,* 86 Vt. 426, 444, 85 Atl. 904. Neither does the case come within the rule stated in *Gilman* v. *Nichols,* 42 Vt. 313, 315, approved in *State* v. *Maguire,* 100 Vt. 476, 486, 138 Atl. 741, 746, that: "If upon the main facts in issue, the evidence stands so well that a party may well claim and expect a verdict, such party, in asking for a new trial, would deserve a different consideration from one who had not been active and efficient in producing such a state of the evidence in his own favor." The defendant relied upon his own testimony to prove the fact of his agency, and this testimony, as we have seen, was not enough to support the finding. He is a member of the bar, and the fact that both he and his counsel misapprehended the legal effect of the evidence upon this issue is not, under the circumstances, a sufficient reason for granting a new trial. *MacDonald* v. *Orton,* 99 Vt. 425, 432, 134 Atl. 599, and cas. cit.; *Barrows* v. *Wilson,* 97 Vt. 26, 27, 121 Atl. 440. The motion is also deficient in that it lacks the affidavit by counsel, as required by Supreme Court rule 4, par. 1. *Picknell* v. *Fulton,* 89 Vt. 51, 55, 94 Atl. 104; *Willard* v. *Norcross,* 86 Vt. 426, 443, 85 Atl. 904; *Reynolds* v. *Hassam,* 80 Vt. 501, 504, 68 Atl. 645.

We are asked, however, to remand this cause to prevent a failure of justice. We have the discretionary power to do this, and have done so in numerous instances where the advisability of such action has been made apparent by the record or otherwise called to our attention. *Shea* v. *Pilette,* 108 Vt. 446, 455, 189 Atl. 154, 109 A. L. R. 933, and cas. cit. But here the various assignments, while they may indicate that the defendant was the agent, not, as he claimed on the trial, for George B. Littlefield alone, but for Littlefield and the Littlefield Piano Company, Inc., and perhaps also for the People's National Bank of Barre, show also that he was clothed with another capacity. By the irrevocable authority given him by the assignment from Littlefield and the Littlefield Piano Company, Inc. he was directed "to collect, have and use all of the rents and the income from said property for the purpose of paying the rent on said leases."

We construe this provision as creating a trust of so much of the income as might be necessary to pay the rent under the leases. Since the property is personalty, no particular formality of expression is required, the intent that the fund should be held and used for the designated purpose clearly appears, and the object and nature are shown with sufficient certainty. *O'Brien, Admr.* v. *Holden,* 104 Vt. 338, 346, 160 Atl. 192. The beneficiary (the lessor) while not specifically named, is definitely ascertainable. 1 Scott on Trusts, par. 112; Restatement of Trusts, par. 112. It is not essential that the words "trust" or "trustee" should be used. *Foschia* v. *Foschia,* 158 Md. 69, 148 Atl. 121, 122; *Nelson* v. *Meade,* 129 Me. 61, 149 Atl. 626, 628. By proceeding to collect the income and paying a part of the rent the defendant partially executed the trust and, when the leases expired and nothing was left but the payment of the balance due, the plaintiff had the right to enforce his demand by an action at law. *Reed* v. *Hendee,* 100 Vt. 351, 354, 137 Atl. 329; *Stockwell* v. *Stockwell's Est.,* 92 Vt. 489, 492, 105 Atl. 30; *Snyder* v. *Parmalee,* 80 Vt. 496, 499, 68 Atl. 649; *Downs et al.* v. *Down's Exr. et al.,* 75 Vt. 383, 384, 56 Atl. 9; *Parker* v. *Parker,* 69 Vt. 352, 354, 37 Atl. 1112; 2 Scott on Trusts, par. 198 (1) ; Restatement of Trusts, par. 198. Thus it appears that the plaintiff would be entitled to prevail in this action, even though the evidence set forth by the defendant were in the case. We conclude, therefore, that a remand is not required.

It seems unnecessary to point out that the acceptance of checks signed by the defendant as agent, and the giving of receipts made out to George B. Littlefield would not estop the plaintiff in the absence of knowledge of the true situation, which knowledge it is not claimed that he possessed. The validity of the trust was not affected by the facts that he had no notice of its creation, and did not assent to it. *Conn. River Savings Bk.* v. *Albee's Estate,* 64 Vt. 571, 574, 25 Atl. 487, 33 A. S. R. 944.

*Motion for remand and new trial denied. Let full entry go down.*