596

[367 A.2d 666]

No. 134-76

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 7, 1976

*Crispe & Crispe,* Brattleboro, for Plaintiff.

*Frank G. Mahady,* White River Junction, for Defendant.

**Billings, J.** On 28 April 1976, the Windham Superior Court issued an order for summary judgment dismissing the plaintiff-appellant's complaint which sought judgment for alleged overpayments of a note assignment made to secure alimony and child support obligations.

The parties were divorced in October, 1966. The decretal order, among other provisions, required support for minor children until majority and alimony while the former spouse remained unmarried. In 1970, at a time such payments were in arrears, the parties entered into an agreement by way of a note assignment. The installment payments on the note were paid directly to the appellee. After the children reached majority and the appellee remarried, she continued to receive sums due under the note. Recovery of those payments in the amount of $13,500 is sought.

In part, the assignment read as follows:

I . . . hereby TRANSFER AND ASSIGN . . . all my right, title, and interest in and to a note . . . in the principal sum of TWENTY-ONE THOUSAND, THREE HUN-

DRED DOLLARS . . . and . . . authorize . . . to make the semi-annual installment payments due under said note directly to . . .

The purpose of this assignment is that the sums received . . . shall be *credited* by her on my obligations *due* to her for her support and the support of my minor children, as required to be made by me by order of the Windham County Court. . . . (Emphasis added.)

The trial court relied on *Dieter* v. *Scott,* 110 Vt. 376, 9 A.2d 95 (1939) in its conclusion of law that the assignment was absolute. The lower court misapprehended that case; its finding of facts require the contrary result.

The rule set forth in *Dieter* is that an assignment in the nature of collateral security *may* be absolute if the assignment's intrinsic character requires such a conclusion. *Dieter* at 384. The findings of fact correctly characterized the purpose of the assignment as security for a continuing obligation and also recognized qualifying language in the assignment, *i.e.* the purpose of the direct payments was that the sums be credited on the support and alimony obligations. Further, the case at bar is clearly distinguishable from *Dieter,* where in contrast, the debt exceeded the security and the assignor was not a party. Thus, the facts in this case commend an intrinsic character to the assignment different than that found by the trial court. As between assignor and assignee, the parties here, the assignment was not absolute.

In answering the plaintiff's complaint, the defendant counterclaimed alleging that the plaintiff owed the defendant additional sums for medical expenses, legal costs, dividends received from insurance policies, and that the plaintiff had taken possession of a dishwasher owned by the defendant. Also, the plaintiff originally had requested a full accounting of sums owed defendant. The trial court dismissed the counterclaim and made no findings of fact on the prayer for an accounting. In view of our disposition of this case, a remand is required.

*Reversed and remanded.*